[Nos. 23559, 23560. Department One. March 9, 1932.]

THE STATE OF WASHINGTON, *Appellant*, v. F. L. CRAMER *et al., Respondents*.

THE STATE OF WASHINGTON, *Appellant*, v. JOE McMILLAN *et al., Respondents.*[1]

[1]Reported in 8 P. (2d) 1004.

160

*John W. Brisky, The Attorney General,* and *E. W. Anderson, Assistant,* for appellant.

*Abrams, Healy & McCush,* for respondents.

HERMAN, J.—These two causes were, for the purpose of appeal, consolidated by stipulation. The facts before this court, as agreed between the parties, are as follows:

Defendants McMillan Brothers, on July 11, 1931, owned and operated a pound net or fish trap in the waters of Deception pass, Skagit county, Washington, under pound net license No. 74, and defendant F. L. Cramer, on the same date, owned and operated a pound net or fish trap in the same waters under pound net license No. 253. Defendant Albert Nelson was the watchman for McMillan Brothers, and defendant G. C. Cramer was the watchman for F. L. Cramer.

During the afternoon of Saturday, July 11, 1931, inspectors of the state department of fisheries visited each of the traps aforesaid, and found the aprons thereof up, in violation of Rem. Comp. Stat., § 5715, and thereafter filed informations against the respective owners and the respective watchmen for such violation.

At the trial of the action, defendant Joe McMillan entered his plea of guilty to a violation of § 5715, *supra,* with regard to trap No. 74, and defendant G. C. Cramer entered his plea of guilty of a like violation

with regard to trap No. 253, the cases being dismissed as to the other defendants. Each of the defendants pleading guilty, as aforesaid, were thereupon by the court fined $250 and costs, which fines and costs were then and there paid.

At the time of the visit of the inspectors to the respective traps, notice was given to the respective watchmen that informations would be filed, but the fish found therein were not removed by the state until the afternoon of Sunday, July 12, 1931. The traps were regulated by a forty-eight hour weekly closed period, instead of the thirty-six hour weekly closed period generally prevailing in other portions of Puget Sound. The inspectors removed the fish and sold the same at prevailing market prices, realizing therefrom the sum of $296.26, which sum was impounded to await the result of the respective actions against the defendants.

Immediately following the entry of pleas of guilty by defendants Joe McMillan and G. C. Cramer, the state, through the prosecuting attorney for Skagit county, moved for an order of the court declaring the fish taken from the traps confiscated, and declaring the proceeds of the sale of same to be the property of the state of Washington. This order was resisted in court by counsel for defendants, and the question was taken under advisement by the court, which thereafter made and entered its order in each of the cases, denying confiscation and directing the return of the proceeds from the sale of the fish taken by the state to the respective owners of the traps. This appeal is taken by the state from every part of that order.

Trap No. 74, of McMillan Brothers, was lifted for the last time previous to four o'clock p. m., Friday, July 10, 1931, the beginning of the weekly closed

period, at about seven o'clock a. m., Thursday, July 9, 1931. Trap No. 253, of F. L. Cramer, was lifted for the last time before the beginning of the weekly closed period at about six o'clock a. m., Friday, July 10, 1931.

Respondents moved the court to dismiss the appeal by the state of Washington, on the ground that these are criminal cases, and that the orders entered by the trial court do not fall within any of the statutory grounds upon which the state is given the right of appeal in criminal cases, i. e., Rem. Comp. Stat., § 1716, and Rem. 1927 Sup., § 2183-1. Respondents maintain that, when the state demanded forfeiture and confiscation of the fish, it in effect asked for such forfeiture and confiscation as part of the judgment and sentence on the violation of the criminal statute involved. They maintain that the refusal of the trial court to grant the demand on the part of the state for an order of confiscation was a decision by the court adverse to the state on the question of a penalty in a criminal case, and that the state is without the right of appeal.

We do not so hold. The statute, Rem. Comp. Stat., § 5715, to a violation of which respondents Joe McMillan and G. C. Cramer entered pleas of guilty, provides a penalty of a fine of not less than $250, nor more than $2,000. It is silent on the question of the forfeiture of the fish contained in any trap operated by violators of the statute. The court's power to punish is limited to subjecting the guilty parties to such a fine as is provided for by statute.

After respondents had entered their pleas of guilty, the prosecuting attorney of Skagit county, representing the state of Washington, moved for an order of the court declaring the fish taken from the traps confiscated, and declaring the proceeds of their sale to be the property of the state of Washington. This order

was resisted in court by counsel for respondents. This was, in effect, an equitable proceeding to require the forfeiture to the state of the impounded money realized from the sale of the salmon. Counsel for respondents appeared in that proceeding and resisted the state's attempt to enforce a forfeiture. The court took the matter under advisement, and later made and entered an order denying the confiscation in each of the criminal cases.

To adopt the position that, thereafter, the trial court, by the entry of orders denying confiscation in the criminal cases, changed that equitable proceeding for forfeiture into a continuation of the trial of those criminal cases, would be to deny justice to a party litigant, because of a technical error on the part of the trial court. We hold that the hearing upon the motion for an order of confiscation was a civil action, and that the orders entered thereon were appealable.

Respondents maintain that, because the section of the statute to which pleas of guilty were entered does not provide for the forfeiture of fish taken from a fish trap operated in violation of that particular law, there can be no such forfeiture ordered. Respondents rely upon Rem. Comp. Stat., § 2288, which, among other things, provides:

"A conviction of crime shall not work a forfeiture of any property, real or personal, or of any right or interest therein."

Certainly, it would not be contended that to take stolen goods from a convicted thief and return them to the rightful owner, would be a violation of § 2288, *supra*. In *State v. Snowman*, 94 Me. 99, 46 Atl. 815, 50 L. R. A. 544, 80 Am. St. 380, the court said:

"The fish in the waters of the state and the game in its forests belong to the people of the state in their sovereign capacity who, through their representatives, the

legislature, have sole control thereof and may permit or prohibit their taking."

Discussing the private right of the citizen to take game or fish, in *State v. Tice,* 69 Wash. 403, 125 Pac. 168, 41 L. R. A. (N. S.) 469, the court said:

"The decisions of the courts in this country, so far as they have come to our notice, are all in unison in holding that there is no private right in the citizen to take fish or game, except as such right is either expressly or inferentially given by the state."

We hold that the fish in the traps, which respondents Joe McMillan and G. C. Cramer by their pleas of guilty admit were being operated during the closed season in violation of the law, belong to the state. There was no right on the part of respondents to take fish during the closed season. The fish were the property of appellant until such time as they were lawfully reduced to possession, and, never having been lawfully reduced to possession, they continued to be the property of the state, and should have been returned to the state. It follows, therefore, that the proceeds realized from the disposition of the fish were the property of appellant. The trial court erred in refusing to enter an order directing the payment to the state of the proceeds of the fish taken from respondents' traps while unlawfully operated.

Respondents finally contend that there is no evidence as to which fish were unlawfully taken. The McMillan trap fished legally thirty-three hours before the beginning of the closed season, and the Cramer trap operated about ten hours prior to the closed season. Respondents insist some of the fish must have entered the trap before the time when fishing became unlawful, and that it is impossible to segregate those that were lawfully taken from those which were illegally caught.

The purpose of the statute violated was to prohibit fishing during the closed season. When a fish trap is being illegally operated, this court will indulge in the *prima facie* presumption that such fish as are impounded by the trap at the time of the discovery of its illegal operation have entered the trap during the time of its illegal operation. Respondents have failed to introduce evidence showing which, if any, of the fish entered the trap prior to the commencement of the closed season, and have failed to overcome the presumption that they entered during the period of illegal operation.

Reversed and remanded, with directions to enter an order declaring the fish taken from the traps confiscated and declaring the proceeds of the sale of the fish to be the property of the state of Washington.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.