177 P.3d 136 (2008)
David CREVELING, Appellant,
Dianna Creveling, Petitioner,
v.
The WASHINGTON STATE DEPARTMENT OF FISH AND WILD-LIFE, Respondent.
No. 26302-9-III.
Court of Appeals of Washington, Division 3.
January 24, 2008.
David W. Creveling, Carlton, WA, Appearing Pro Se.
Matthew Kernutt, WA State Attorney General's Office, Olympia, WA, for Respondent.

PUBLISHED OPINION
KULIK, J.
¶ 1 In 2003, David Creveling constructed a diversion dam across Gold Creek. The diversion allowed fish to be swept into an irrigation ditch. The Department of Fish and Wildlife (Department) removed the diversion. Mr. Creveling appealed and an administrative hearing officer affirmed the Department's decision. The Director of the Department entered a final order. The superior court also affirmed the Department's authority to remove the diversion.
¶ 2 On appeal here, Mr. Creveling argues the Department lacked the authority to remove the diversion because he owned the fish. We review an agency's legal conclusions de novo. In Washington, fish are the property of the state while in state waters. Consequently, the Department had authority to remove the diversion. Mr. Creveling has failed to show that the Department's action was invalid. Accordingly, we affirm the superior court's and the Department's decisions.

FACTS
¶ 3 On July 31, 2003, Fish and Wildlife Officer Cal Treser met with David Groveling to discuss a complaint about a diversion dam across Gold Creek. The diversion dam was located approximately two miles from the Creveling property.
¶ 4 The diversion had been constructed across the entire creek preventing the passage of juvenile and adult fish. The head gate of the diversion contained a fish screen that allowed water to flow into an irrigation ditch unimpeded but which caused all of the fish to be swept into the irrigation ditch rather than the creek.
¶ 5 Officer Treser did not give out any citations, but he advised David, William, and Dianna Creveling of the state law violations caused by the diversion.
¶ 6 In August, the Department made unsuccessful attempts to resolve the matter informally. During these discussions, David and William Creveling admitted that they created the diversion on Gold Creek. On September 1, the Department gave written notice of its intent to remove the diversion. Dianna Creveling appealed, but did not ask for a stay. David Creveling did not appeal or ask for a stay. The Department removed the diversion on October 1.
¶ 7 An administrative hearing was held. David and Dianna Creveling did not submit any evidence to contradict the Department's evidence that the diversion was constructed and operated in a way that resulted in the diversion of fish from Gold Creek and in the stranding of fish in the irrigation ditch. The Crevelings also failed to submit any evidence showing that the diversion did not completely block fish passage down Gold Creek. A final order affirmed the Department's authority to remove the diversion in Gold Creek.
¶ 8 David Creveling filed a petition for review in superior court. He also filed a motion for default seeking $2.8 billion dollars in compensation for the alleged loss of his fish. The court ruled that the superior court's appellate role was limited to determining whether the Department had engaged in an unlawful procedure or decision-making process, misinterpreted or misapplied the law, issued an order not supported by substantial evidence, or issued an order that was arbitrary and capricious. The court held that Mr. Creveling's request for damages was beyond the scope of a judicial review action under the Administrative Procedure Act (APA), chapter 34.05 RCW. Mr. Creveling's subsequent motion for revision was denied.
¶ 9 The court affirmed the Department's authority to remove the diversion pursuant to former RCW 77.55.040 (2000) and former *138 RCW 77.55.060 (2003).[1] Mr. Greveling's appeal to the Supreme Court for interlocutory review was denied. Mr. Creveling appeals.

ANALYSIS
¶ 10 The APA governs judicial review of agency decisions. The burden of demonstrating the invalidity of agency action is on the party challenging the action. RCW 34.05.570(1)(a). This court engages in de novo review of an agency's legal conclusions. Franklin County Sheriffs Office v. Sellers, 97 Wash.2d 317, 325, 646 P.2d 113 (1982).
¶ 11 Mr. Creveling has not challenged any finding of fact. Consequently, all findings of fact are considered verities on appeal. Hertzke v. Dep't of Ret. Sys., 104 Wash.App. 920, 927, 18 P.3d 588 (2001).
¶ 12 Mr. Creveling asserts that he has an ownership interest in the fish diverted into the irrigation canal. However, under Washington law, fish are property of the state while in waters within the state's boundaries. RCW 77.04.012; Wash. Kelpers Ass'n v. State, 81 Wash.2d 410, 415-16, 502 P.2d 1170 (1972).
¶ 13 Specifically, RCW 77.04.012 states:
Wildlife, fish, and shellfish are property of the state. The commission, director, and the department shall preserve, protect, perpetuate, and manage the wildlife and food fish, game fish, and shellfish in state waters and offshore waters.
State waters include all fresh water within the territorial boundaries of Washington. RCW 77.08.010(35).
¶ 14 Mr. Creveling asserts that he has a right to the fish because he is a member of the Methowee tribe. But he fails to provide authority or evidence establishing this right.
¶ 15 Mr. Creveling also relies on Griffith v. Holman, 23 Wash. 347, 63 P. 239 (1900) to support his contention that he owned the fish. Griffith held that an owner of land which a stream flows across has some exclusive rights to fish in water opposite his or her land. Id. at 357-58, 63 P. 239. Griffith also concluded that the owner's rights were limited by the rights of the public, must be exercised with due consideration for the nature of the property, and must be exercised "only when the fish are upon the land of the owner." Id. at 358, 63 P. 239 (emphasis added). Here, Mr. Creveling did not own the property from which the fish were taken.
¶ 16 Mr. Creveling next maintains that section 9 of the Mining Act of 1866, ch. 262, 14 Stat. 251, gives him an ownership interest in the fish. However, section 9 of the Mining Act deals with the grant of water rights, not the ownership of fish. California v. United States, 438 U.S. 645, 656, 98 S.Ct. 2985, 57 L.Ed.2d 1018 (1978).
¶ 17 Simply stated, Mr. Creveling has failed to show that he has an ownership interest in the fish. And even if he could prove such an interest, he is subject to the Department's regulatory requirements. The taking of fish is illegal unless authorized by the Fish and Wildlife Commission. RCW 77.08.020, .022. Taking fish by an illegal method does not confer ownership. State v. Cramer, 167 Wash. 159, 164, 8 P.2d 1004 (1932).
¶ 18 Accordingly, Mr. Creveling was subject to the Department's authority under former RCW 77.55.040 and former RCW 77.55.060. Former RCW 77.55.040 requires that a water diversion device must be equipped with a fish guard to prevent fish from getting into the device. Former RCW 77.55.060 provides that an obstruction across or in a stream must include a fishway approved by the director of the Department. And "[t]he fishway shall be maintained in an effective condition and continuously supplied with sufficient water to freely pass fish." Former RCW 77.55.060.
¶ 19 Additionally, Mr. Creveling's claim for damages cannot be compensated through the administrative appeal of an agency order. Under RCW 34.05.574(3), a reviewing court may not award damages, compensation, or ancillary relief, including *139 attorney fees or witness fees, unless these amounts are otherwise authorized.
¶ 20 We affirm the superior court's order affirming the Department's authority to remove the diversion dam and rejecting Mr. Creveling's request for compensation.
WE CONCUR: SCHULTHEIS, A.C.J., and STEPHENS, J. Pro. Tern.
NOTES
[1] In 2005, RCW 77.55.040 and RCW 77.55.060 were recodified as RCW 77.57.010 and RCW 77.57.030. LAWS OF 2005, ch. 146, § 1002, effective July 24, 2005. This recodification did not amend these sections.