## John R. Robertson, Garn. of Daniel Jenifer, *vs.* Ann E. Beall and others, Adms. of Sam'l H. Beall.

The *defendant*, properly so called, in an attachment case, is the party whose property or credits are *attached,* and not the garnishee.

Where a garnishee admits funds in his hands to the amount of the judgment of condemnation, and moves to quash the attachment, *but files no reasons therefor*, the judgment cannot be reversed on *his appeal.*

Where a claimant of funds attached on judgment, *fails to show any interest* therein, and the garnishee admits the funds to be in his hands, and files no reasons for quashing the attachment, a judgment of condemnation must follow.

Funds in the hands of an *ex-sheriff*, consisting of *fees* due to and collected by him for an *ex-register of wills*, are liable to attachment; both parties being *out of office* at the time the attachment issued, they stood in the same relation to each other as any other creditors and debtors.

Appeal from the Circuit Court for Charles county.

This appeal was taken from a judgment of condemnation,

rendered by the court below, (CRAIN, J.,) in an attachment case. The pleadings and facts of the case as they appear in the record are fully stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLE-STON and MASON, J.

*Frank H. Stockett* for the appellant, argued:

That the court below should have quashed the attachment for the reasons filed, viz., that it was laid upon property in the custody of the law, being fees due to Jenifer, as register of wills of Charles county, upon a list of fees due to him in his official capacity, which he had placed in the hands of Robertson, as sheriff of Charles county, in his official capacity, to be collected and accounted for by him. 8 *Md. Rep.,* 100, *Mayor & C. C. of Balto., Garn. of Brashears, vs. Root.* 7 *Mass. Rep.,* 259, *Chealy vs. Brewer.* 3 *Barr.,* 368, *Bulkley vs. Eckert.* 7 *Monroe,* 444, *Divine vs. Harvie.* The claimant, J. C. Jenifer, had the right to come in and make the motion to quash. 3 *H. & McH.,* 552, *Campbell vs. Morris.* 6 *G. & J.,* 298, 301, *Ranahan vs. O'Neale.* 6 *Gill,* 26, *Carson vs. White.*

*Alex. B. Hagner* for the appellees, argued:

1st. That the funds of Jenifer, the former register of wills, in the hands of Robinson, an ex-sheriff, were legally liable to attachment and were properly condemned. *Acts of* 1715, *ch.* 40, *sec.* 7; 1824, *ch.* 74, *sec.* 1, and 1834, *ch.* 189. 3 *H. & McH.,* 617, *Davidson vs. Beatty.* 1 *H. & J.,* 546, *Davidson vs. Clayland.* 6 *Do.,* 36, *State vs. Krebs. Ibid.,* 446, *Yerby vs. Lackland.* The case of *Davidson vs. Clayland* decides, that the balance in the sheriff's hands after satisfaction of the first execution may be taken by attachment, but that money in the hands of a sheriff in his *official capacity* and *in respect to the execution* is exempt; this is the *extent* to which the authorities have gone. As to when, at common law, property is to be regarded as *in custodia legis,* see *Seargt. on Attachment,* 95. 1 *Cranch. C. C. Rep.,* 30, *Herbert vs. Ward.*

Robertson, Garn. of Jenifer, *vs.* Beall's Adm'rs.

*Root's case,* in 8 *Md. Rep.,* 100, does not decide the question involved in this case; it was a decision upon a different question, and the facts of this case take it entirely out of the principles there decided. Jenifer had *ceased* to be register of wills before the attachment issued and Robertson was *no longer* sheriff. This appears from the record, but if it were not proved, these officers being appointed under a public law of the State defining the *duration* of their terms of service, the court will *officially notice* their appointments. 1 *Greenlf. on Ev., sec.* 6. There existed, then, no reason of public policy why the attachment should not be laid. The garnishee's answer shows, that he had then in his hands *in cash* the sum of $381.87 belonging to Jenifer. Suppose there had been no settlement between him and Jenifer for ten years after both had ceased to hold office, and then an attachment had been laid, would it be quashed because the parties ten years before had been public officers and as such had had dealings together? The time had passed within which Robertson ought by law to have accounted to Jenifer for the fee-list.

2nd. The claimant, James C. Jenifer, does not appeal, although he filed reasons which were overruled. The question for the court below to decide was, whether the motion of the claimant should be granted? and that court could not grant it in the entire absence of proof of the claimant's interest in the fund. This court will not reverse the decision for the same reason. There is nothing to show that James C. Jenifer possessed any interest in the fund, or even that he claimed it. 3 *H. & McH.,* 552, *Campbell vs. Morris.* 6 *Gill,* 18, *Carson vs. White.* Again, the *garnishee never filed* any *reasons* to sustain his motion to quash; upon *his appeal,* therefore, the judgment cannot be reversed, and *he,* if the *"defendant"* means him, alone appeals. If the term *"defendant"* means any one else it must be *Daniel Jenifer,* who was properly the *defendant* in the case, and the record does not show that he *ever made* any motion to quash or ever filed any reasons therefor.

Le Grand, C. J., delivered the opinion of this court.

The judgment in this case must be affirmed. The record

does not exhibit, in any particular, any reason for reversal. The facts as shown are as follows:—At July term 1849, Samuel H. Beall, surviving obligee of Beall and Hodges, recovered a judgment in the county court of Charles county against Daniel Jenifer for $212.06, interest and costs. On the 5th day of February 1852, Beall sued out an attachment upon this judgment; on the 16th of February, being the first day of the term of the circuit court, the sheriff, A. D. Smoot, made return of the writ, that he had "attached the rights and credits of Daniel Jenifer in the hands of John R. Robertson, to the amount of the debt, interest and costs." Daniel Jenifer never appeared, nor was there any appearance entered for him. Robertson, garnishee, appeared, *but put in no plea.* Interrogatories were filed by the administrators of Beall, they having appeared after the death of their intestate. To these interrogatories Robertson, the garnishee, answered: "That he, as the sheriff of Charles county, had duly receipted for, for the purpose of collection, a list of fees due to Daniel Jenifer, as the register of wills of said county, and, at the time of the laying of the attachment aforesaid, there remained an amount due on said receipts; that is to say, on the one dated the 27th of February 1851, which this respondent had not paid, accounted for and paid over to said Daniel Jenifer, of $381.87, exclusive of interest;" that "there was no assignment on said receipt at the time of the laying of the attachment."

The record then states that the "defendant, garnishee as aforesaid, by his attorney, moved to quash the writ of attachment, and filed in court the following reasons, to wit." *No reasons were filed, nor did the court ever act on the motion to quash made by the garnishee.*

It then appeared that James C. Jenifer, claimant, appeared and moved to quash the attachment, for the following reasons:

1st. Because said attachment was laid upon property in the custody of the law.

2nd. Because said attachment was laid upon the amount due to Daniel Jenifer, as register of Charles county, upon a list of fees due to him in his official capacity, which he had placed in the hands of John R. Robertson, as sheriff of Charles

county, in his official capacity, to be collected and accounted for him by him.

The court overruled the motion to quash, made by Jenifer, the claimant, and entered up judgment. The *"defendant"* then prayed an appeal, which was allowed.

The person properly designable as defendant was Daniel Jenifer, and not Robertson, the garnishee, but the record shows the latter was considered as the defendant as well as the garnishee. If he be considered as defendant so far as this appeal is concerned, he has not shown any reason why the judgment should be reversed. He admits the possession of funds to the amount of the judgment of condemnation, and the debt of the plaintiff being established by the original judgment on which the attachment issued, and there being a total failure of evidence to show any interest in the claimant, the court below could not have acted otherwise than it did.

At the time of the issuing of the attachment neither Daniel Jenifer nor John B. Robertson were in office, their terms of service having expired. There was nothing in public policy which interdicted the levying of the attachment. Had the parties been in office the case might have been different. The defendant and garnishee being both out of office stood in the same relation to each other as any other creditors and debtors in the community, and of course liable to the same rules of law.

*Judgment affirmed.*