## RAYMOND HUGHES *v.* JACOB SVBODA

[No. 45, January Term, 1935.]

*Decided April 3rd, 1935.*

The cause was argued before BOND, C. J., OFFUTT, SLOAN, SHEHAN, and JOHNSON, JJ.

*Lewis W. Lake* and *Albert J. Goodman,* for the appellant.

*Ridgely P. Melvin,* with whom was *Paul B. Mules* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

During April, 1934, appellee, Jacob Svboda, also known as James Benoa, was sentenced by the Criminal Court of Baltimore City to the Maryland House of Correction at Jessups, Anne Arundel County, for a term of two years, and on May 11th, 1934, while serving such sentence, Raymond Hughes, appellant, instituted in the Circuit Court for Anne Arundel County against Svboda, *alias* Benoa, nonresident attachment proceedings for the purpose of collecting an alleged claim of $775. The writ of attachment was returnable on July 16th, 1934, and was served upon the superintendent of the Maryland House of Correction on May 12th, 1934, and this institution was summoned as garnishee, but Svboda, *alias* Benoa, was not summoned, and the writ of summons, which under section 9 of article 9 of the Code was required to be issued with the writ of attachment, was returned *"non est"* by the sheriff of Anne Arundel County. On May 14th, 1934, Svboda, *alias* Benoa, appeared in the attachment case and moved to quash the attachment, assigning among other reasons for such motion (1) that no writ of summons was issued against him, (2) because at the time of the filing of the proceedings he was a resident of the State of Maryland, and (3) for "other reasons apparent on the face of the proceedings." At the time of the incarceration Svboda, *alias* Benoa, had on his person cash amounting to $426.25, which was taken from him by the warden of the Maryland House of Correction, of which amount, prior to laying the attachment, the prisoner had spent $8.71, leaving in the hands of the institution at the time it received notice of the attachment the sum of $417.54, for which on June 9th, 1934, the Board of Welfare, through the Attorney General of the State, confessed assets. Subsequently the motion to quash the attachment was heard by the court below, at which time certain testimony was taken relative to the residence *vel non* of Svboda, *alias* Benoa, and thereafter, on November 22nd, 1934, the motion to quash was granted. This appeal is taken from the court's action in quashing

Appellant insists that the court erred in quashing the attachment, because the testimony in the record showed appellee was a nonresident of the state, while appellee contends the evidence showed he had been a resident of Maryland for some months prior to being sentenced to the Maryland House of Correction, was amenable to suit in the Circuit Court for Anne Arundel County at the time the attachment was issued, and the writ of summons which was issued with the attachment could readily have been served upon him. The respective merits of these contentions will not be discussed, since we are of the opinion that the lower court was correct in quashing the attachment, upon the principle that a public officer or public institution is not subject to garnishment. This rule is founded upon public policy and has been sanctioned by numerous decisions of this court, in none of which it has perhaps been more clearly stated than in the case of *Wilson v. Ridgely*, 46 Md. 235, 248, wherein this court quoted with approval from the opinion of Mr. Justice Sargent in *Bulkley v. Eckert*, 3 Pa. (3 Barr) 368, that "great public inconvenience would arise if money could be thus arrested in the hands of officers, and they be made liable to all the delay, embarrassment and trouble that would ensue from being estopped in the routine of their business, compelled to appear in court, employ counsel and answer interrogatories, as well as take care that the proceedings are regularly carried on. If a precedent of this kind were set, there seems no reason why the state or county treasurer or other fiscal officers of the commonwealth, or of municipal bodies, may not be subjected to the levying of attachments, which has never been attempted nor supposed to come within the attachment law." It was then said: "Though the provisions of the attachment laws of this state are very broad, we cannot believe that they were ever intended to authorize attachments to be laid upon funds in the hands of State or municipal officers as such, and thereby impose upon them and the public service such annoyances, inconveniences and interruptions as are described

by Mr. Justice Sargent." See, also, *Mayor etc. of Baltimore v. Root,* 8 Md. 95, 100; *Robertson v. Beall,* 10 Md. 125, 129; *Dale v. Brumbly,* 98 Md. 468, 471, 56 A. 807; *Phillips v. Baltimore,* 110 Md. 431, 440, 72 A. 902.

It is suggested by counsel for appellant that the court did not base its decision upon the ground that the attachment was served upon a public official or public institution, but there is nothing in the record to sustain such position, since the motion to quash included "reasons apparent upon the face of the proceedings," and from these it plainly appears that the garnishee was a state institution and its superintendent was a public officer. See, also, Code, art. 27, secs. 680-682. Moreover, it is conceded that this official received the funds in question by virtue of his office, and since the laws of the State were not intended to give authority to lay attachments in the hands of public officials or state institutions (*Wilson v. Ridgely, supra*), it necessarily follows that their operation is not suspended by a confession of assets. In other words, the rights of the appellee must be determined by the law of the State and not by the pleasure of its subordinates.

*Order affirmed, with costs to appellee.*