## MASS TRANSIT ADMINISTRATION *v.* HOUSEHOLD FINANCE CORPORATION

[No. 87, September Term, 1981.]

*Decided January 4, 1982.*

The cause was argued before Murphy, C. J., and Smith, Digges, Eldridge, Cole, Davidson and Rodowsky, JJ.

*Glenn E. Bushel,* with whom was *Joseph S. Kaufman* on the brief, for appellant.

*William L. Putzel,* with whom were *Paul L. Saval* and *Putzel & Putzel, P.A.* on the brief, for appellee.

RODOWSKY, J., delivered the opinion of the Court. COLE, J., dissents.

We shall hold in this appeal that the appellant, Mass Transit Administration (MTA), is not subject to the levy of attachments on the wages of its employees.

Appellee, Household Finance Corporation (HFC), obtained separate judgments in the Superior Court of Baltimore City against two different employees of MTA. HFC directed the clerk of the court to issue writs of attachment on the judgments and instructed the sheriff to lay the same in the hands of the Administrator of the MTA. In Superior Court case No. 26087 the attachment was directed to the wages of HFC's judgment debtor and MTA's employee, Rudolph Teel. In case No. 26118 the judgment debtor and MTA employee was Leroy M. Lincoln. MTA's motions to quash the attachments were denied by the trial court. MTA appealed the cases to the Court of Special Appeals [1] where they were consolidated for briefing and argument. We granted MTA's petition for certiorari prior to consideration of the cases by the intermediate appellate court.

MTA is a unit in the Department of Transportation, a principal department of the State of Maryland. *See* Md. Code (1977), §§ 2-101, 2-107 (a) (3) and 7-201 of the Transportation Article. The principle that a public officer or public institution is not subject to garnishment is founded upon public policy and has been sanctioned by numerous decisions of this Court. *Hughes v. Svboda,* 168 Md. 440, 442, 178 A. 108, 108-09 (1935). We have this day reaffirmed the principle in *Mayor and City Council of Baltimore v. Comptroller of the Treasury,* 292 Md. 293, 439 A.2d 1095 (1982). In that

---

1. "An order granting or denying a motion to quash a writ of attachment" is an appealable interlocutory order under Md. Code (1974, 1980 Repl. Vol.), § 12-303 (b) of the Courts and Judicial Proceedings Article.

case we held that a wage garnishment under Md. Rule 623 and Md. Code (1975, 1981 Cum. Supp.), § 15-602 of the Commercial Law Article did not reach wages of an employee of Baltimore City, in the absence of a statute authorizing such execution to be laid in the hands of a public official. That case presented stronger facts for sustaining the attachment than do the cases at bar. That case involved attachment on a judgment for delinquent sales taxes, whereas the attachments here seek to collect a private debt.[2]

HFC contends that its attachments are authorized by § 7-204 (b) of the Transportation Article which states that the "Administration may sue and be sued in its own name." HFC supports this contention by reliance on decisions of federal courts which have held that, absent an express prohibition, authorization in the statute creating a federal corporation or agency for it to sue and be sued constitutes a waiver of sovereign immunity which includes permitting the laying of attachments on it. *See, e.g., Federal Housing Administration, Region No. 4 v. Burr,* 309 U.S. 242, 60 S. Ct. 488, 84 L. Ed. 724 (1940).

The federal decisions are inapplicable here. First of all, they do not reflect the Maryland law regarding the waiver of governmental immunity.[3] In Maryland, the scope and effect of a "sue and be sued" provision is not as broad as that given under the federal cases. *See Jackson v. Housing Opportunities Commission of Montgomery County,* 289 Md. 118, 422 A.2d 376 (1980); *Katz v. Washington Suburban Sanitary Commission,* 284 Md. 503, 397 A.2d 1027 (1979); *O&B, Inc. v. Maryland-National Capital Park and Planning*

---

**2.** In Mayor and City Council of Baltimore v. Comptroller of the Treasury, we also held that "person," when used in Md. Rule 623 to describe potential garnishees, did not include a municipal corporation, although "person" is defined in Rule 5 q to include a "municipal or other corporation of any character whatsoever." The Rule 5 q definition of "person" does not include the State.

**3.** In *Burr* the Court noted that "State decisions barring garnishment against a public body though it may 'sue and be sued' are not persuasive here as they reflect purely local policies concerning municipalities, counties and the like, and involve considerations not germane to the problem of amenability to suit of the modern federal governmental corporation." 309 U.S. at 246-47, 60 S. Ct. at 491, 84 L. Ed. at 729 (Footnote omitted.)

*Commission,* 279 Md. 459, 369 A.2d 553 (1977); *Board of Trustees of Howard Community College v. John K. Ruff, Inc.,* 278 Md. 580, 366 A.2d 360 (1976); *Lohr v. Upper Potomac River Commission,* 180 Md. 584, 26 A.2d 547 (1942).[4]

But, more fundamentally, cases dealing with the waiver of governmental immunity are not in point because the issue presented here is not, strictly speaking, one of governmental immunity under our decisions. The policy of the law which prevents the laying of attachments in the hands of public officials seeks to prevent inconvenience and the disruption of public affairs. That principle operates independently of whether governmental immunity has been waived as to the garnishee. Questions of governmental immunity, or its waiver, are concerned with whether the State, or its agencies and instrumentalities, are subject to suit and a monetary judgment on claims asserted against them. Attachments served on public officials, however, raise the issue of whether the public official is subject to the process by which the creditor seeks to collect from his debtor, where that debtor is a creditor of the public garnishee. Even if the governmental entity does not have a sovereign immunity defense to the claim of its creditor against it, that claim does not become subject to attachment at the instance of a creditor of the claim holder. This was made plain in *Baltimore v. Root,* 8 Md. 95, 106 (1855) where we said:

> The counsel for [the judgment creditor] says, that under the city charter the defendant [judgment

---

4. HFC reinforces its waiver of sovereign immunity argument by pointing out that MTA, in providing public mass transportation in the Baltimore metropolitan area, is performing a service previously rendered by private enterprise, and should bear all of the burdens attendant to the payroll of a large private employer. In Calvert Assocs. v. Dept. of Employment and Social Servs., 277 Md. 372, 375, 357 A.2d 839, 840 (1976) the argument was made by a landlord claiming rent from the State that in " 'the realm of private affairs and private business relations, the State is entitled to no rights or privileges over and above those granted to others doing business in the private sector of the economy.' " There we declined to depart from our prior sovereign immunity decisions. In this case we shall not depart from our holdings that attachments may not be served on public officials, absent a legislative change in the law.

debtor], could have sued the corporation for his claim, if his salary had been improperly withheld: and being a claim for which he had a right of action, it was a credit subject to attachment. Admitting, however, that [the judgment debtor] might have maintained an action against the corporation, still the right of the [judgment creditor] to attach the claim is not relieved from the objection to it, based upon considerations of public policy.

"[M]unicipalities and counties have been regularly subject to suit in contract actions, whether the contracts were made in performance of a governmental or proprietary function, as long as the execution of the contract was within the power of the governmental unit. . . ." *American Structures, Inc. v. Mayor and City Council of Baltimore,* 278 Md. 356, 359-60, 364 A.2d 55, 57 (1976). Municipalities and counties have no immunity from suit for torts arising from the exercise or neglect of a proprietary function. *See Austin v. City of Baltimore,* 286 Md. 51, 405 A.2d 255 (1979). Nevertheless, they are not subject to being served with attachments, in the absence of statutory authorization. *Mayor and City Council of Baltimore v. Comptroller of the Treasury, supra,* 292 Md. 293. Thus, assuming *arguendo* that the General Assembly has waived the defense of governmental immunity as to MTA, such a waiver as to suits against it would not make it amenable to attachments issued at the direction of third parties.

There is a further reason in the case at bar why HFC's attachments may not be served on the MTA. Section 7-702 of the Transportation Article provides:

> (a) *Administration Liable for Contracts and Torts.* — Subject to subsection (b) of this section, the Administration is liable for its contracts and torts and for the torts of its officers, agents, and employees in connection with the performance of the duties and functions of the Administration under this title.

(b) *Exclusive Remedy is Suit.* — The exclusive remedy for a breach of contract or for a tort committed by the Administration, its officers, agents, or employees is a suit against the Administration. *No execution may be levied on any property of this State or of the Administration.* [Emphasis added.]

We need not determine here the full scope and meaning of the language italicized above. Sufficient for present purposes is the observation that it is inconsistent with HFC's position that the "sue and be sued" language of § 7-204 effects, as to MTA, a statutory modification of the principle that attachments may not be served on public officials.

> *Judgments of the Superior Court of Baltimore City in Case No. 26087 and in Case No. 26118 reversed.*
> *Costs to be paid by the appellee.*

*Cole, J., dissents.*