**Eileen P. WEIDE**

v.

**MASS TRANSIT ADMINISTRATION, et al.**

**Civ. No. Y-84-4524.**

United States District Court, D. Maryland.

June 28, 1985.

C. Christopher Brown and Carmen D. Hernandez, Baltimore, Md., for plaintiff.

Joseph S. Kaufman, Baltimore, Md., for defendant Mass Transit Admin.

Ralph S. Tyler, Asst. Atty. Gen., Baltimore, Md., for defendant John von Briesen.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Eileen P. Weide sues her employer Mass Transit Administration ("MTA") and defendant John von Briesen, also an employee of the MTA, for violating Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff also brings charges that defendants deprived her of Fourteenth Amendment rights, in violation of 42 U.S.C. § 1983, as well as charges of intentional infliction of emotional distress.

Plaintiff alleges that in December, 1981, von Briesen sexually harassed her by making an unwelcome verbal proposition that she refused. When in November, 1983, von Briesen temporarily became her direct supervisor, she claims she received her first and only below-average performance evaluation as an MTA employee. She alleges that on approximately seven other occasions, prior and subsequent to the November, 1983 evaluation (presumably when von Briesen was not her direct supervisor), her job performance had been evaluated as being significantly above average. Plaintiff claims that her rejection of von Briesen's sexual advances has resulted in numerous acts of discrimination against her, including but not limited to the November, 1983 evaluation, which have affected the terms, conditions, and privileges of her employment.

An internal complaint of discrimination was filed with the Maryland Department of Transportation on January 17, 1984, against the MTA and her supervisors, John von Briesen and Roberta Daiger. (The claim against Robert Daiger for religious discrimination was apparently dropped and Ms. Daiger is not a party to this proceeding.) Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the MTA on February 23, 1984, and also alleges that the EEOC forwarded the charge to the Maryland Commission on Human Relations ("MCHR") on that date. The MCHR notified plaintiff in a letter, dated March 16, 1984, that her case against the MTA had been received and a determination made by the MCHR that the EEOC could better handle her charge. The MCHR therefore terminated its proceeding so that the EEOC could process plaintiff's complaint. The EEOC had notified the MTA of the charge by letter dated March 1, 1984. The MTA responded to the EEOC on March

19, 1984, claiming that because the charge was not made timely, EEOC had no jurisdiction to act upon it. The EEOC terminated its proceeding on September 14, 1984, and issued its Notice of Right to Sue. Plaintiff then filed her complaint against defendants on December 14, 1984.

Defendants filed motions to dismiss plaintiff's complaint, pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), contending this Court lacks subject matter jurisdiction over the Title VII claim; that the § 1983 claim fails to state a claim upon which relief may be granted; and that this Court lacks subject matter jurisdiction over the state law claim for intentional infliction of emotional distress. Defendant von Briesen also contends by affidavit that he was not made a party to any prior action by plaintiff, received no prior notice of the complaint, and had no opportunity to participate in conciliation attempts. Plaintiff requests a jury trial and in her complaint seeks compensatory damages against each defendant, punitive damages against von Briesen, attorneys' fees, and such other relief as may be appropriate.

## I. TITLE VII CLAIM (COUNT I)

■ Defendants contend that there is a lack of subject matter jurisdiction because plaintiff failed to file a claim with the Maryland Commission on Human Resources ("MCHR") and did not file this complaint timely.

In fact, plaintiff's charge was filed with the EEOC on January 23, 1984, and was forwarded to MCHR thus satisfying plaintiff's obligations. Defendants contention that this Court has no subject matter jurisdiction over the Title VII claim has no merit.

As to the time of filing, it is clear that although plaintiff may not have perceived the alleged sexual harassment as an act that rose to the level of a cause of action, she states she did perceive discrimination resulting from the performance evaluation from a supervisor who allegedly had subjected her to harassment earlier. Further, under the reasoning in *Elliott v. Sperry Rand,* 79 F.R.D. 580, 585 (D.Minn.1978), plaintiff's claim may not be dismissed, even assuming the November, 1983 evaluation was not a part of a continuing violation.

Defendants' motion to dismiss for failure to comply with EEOC filing requirements must be denied.

■ Defendant von Briesen's argument that the claim against the plaintiff must fail because he was not named in the EEOC charge is also without merit. The failure to name a defendant in an EEOC charge does not bar the maintenance of a subsequent court action if the purpose of the naming was substantially met. *Vanguard v. Hughes,* 471 F.Supp. 670, 687–89 (D.Md.1979). Defendant von Briesen's other grounds are equally unpersuasive, and the motion must be denied.

## II. SECTION 1983 CLAIM (COUNT II)

Plaintiff's second count charges that defendants, while acting under color of state law, deprived her of rights guaranteed by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.[1] Defendants seek to dismiss the count on the basis that it fails to state a claim upon which relief may be granted.

Section 1983 creates a remedy but does not itself confer any substantive rights. *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). Typically, this section has been invoked to remedy alleged violations of the Fourteenth Amendment. *LeBoeuf v. Ramsey,* 503 F.Supp. 747, 754 (D.Mass.1980). The Fourth Circuit Court

---

**1.** 42 U.S.C. § 1983 states in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

of Appeals has indicated that a federal cause of action based on sex discrimination "emerges from recent enlightened approaches to what constitutes equal protection of the laws under the Fourteenth Amendment." *Eslinger v. Thomas,* 476 F.2d 225 (4th Cir.1973).

The Supreme Court, however, has held that the Eleventh Amendment generally bars suit for money damages when the defendant is a state or a state agency.[2] *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). There is no doubt that the MTA is a state agency.[3] Therefore, unless the state of Maryland has waived the MTA's sovereign immunity, plaintiff's § 1983 claim against MTA must fail. *Alabama v. Pugh,* 438 U.S. 781, 782, 98 S.Ct. 3057, 3058, 57 L.Ed.2d 1114 (1978); *Quern v. Jordan,* 440 U.S. 332, 340, 99 S.Ct. 1139, 1144, 59 L.Ed.2d 358 (1979).

■ Plaintiff contends that the state has consented to be sued, citing Md.Transp.

Code Ann. § 7–702(a) and (b), dealing with the MTA's liability for contracts and torts.[4] Yet, the Supreme Court has stated "[i]n determining whether a state has waived its constitutional protection under the Eleventh Amendment, [the Court] will find waiver only when stated by the most express language or by such overwhelming implications from the text [as will] leave no room for any other reasonable construction." *Edelman, supra,* 415 U.S. at 673, 94 S.Ct. at 1360–61. A general waiver of sovereign immunity for a state agency, such as the one found in Md.Transp.Code Ann. § 7–702, "does not constitute a waiver by the state of its constitutional immunity under the Eleventh Amendment from suit in federal court." *Florida Dept. of Health and Human Services v. Florida Nursing Home,* 450 U.S. 147, 150, 101 S.Ct. 1032, 1034, 67 L.Ed.2d 132 (1981).

■ The Supreme Court also has been reluctant to infer a waiver of Eleventh

---

**2.** It has been held that Congress can limit Eleventh Amendment immunity under the Fourteenth Amendment. For example, the Supreme Court has determined that Title VII eliminates sovereign immunity with respect to suits under that provision. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976).

**3.** In determining whether the MTA is a state agency for Eleventh Amendment purposes, the six factors identified in *Patterson v. Ramsay,* 413 F.Supp. 523 (D.Md.1976), *aff'd,* 552 F.2d 117 (4th Cir.1977), are helpful:
1. state statutes and court decisions governing the entity
2. its source of revenue
3. its autonomy from the state government
4. whether it has the power to sue and be sued
5. whether it has the power to contract
6. whether the state would be responsible for a judgment against the entity

*Id.* at 529, citing Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3524 at 88–91, and cases cited therein.

Applying these criteria to the MTA, it becomes clear that the MTA is a state agency. First, state statutes and court decisions refer to the MTA as a state agency. *See* Md.Transp.Code Ann. § 7–101 *et seq.* (1984); *Mass Transit Admin. v. Household Finance Corp.,* 292 Md. 313, 314, 439 A.2d 1104, 1105 (1982); *Maryland Commission on Human Relations v. Mass Transit Admin.,* 294 Md. 225, 226, 449 A.2d 385, 386 n. 2 (1982); *Harden v. Mass Transit Admin.,* 277 Md. 399, 354 A.2d 817 (1976). Second, the source of the

MTA's revenue is the state budget. *See* Laws of Maryland 1984, ch. 81 at 188, *et seq.* Third, MTA is not autonomous from the state government. Rather, the head of the MTA is appointed by the Secretary of Transportation with the approval of the Governor. Md.Transp.Code Ann. § 7–202. Moreover, the exercise of the MTA's powers and duties is subject to the authority of the Secretary and the Maryland Transportation Authority. Fourth, the MTA has the power to sue and be sued for its contracts and torts in its own name. *Id.* at § 7–204(b). Fifth, the MTA is empowered to contract for purposes of establishing, financing, and operating a regional transit system, *id.,* at § 7–204(f), but this power to contract is subject to the final approval of the Board of Public Works. Md. Ann.Code, Art. 78A § 68. Sixth, the state legislature must authorize funds to pay any judgment against the MTA. *Id.* at Art. 78A § 16C.

**4.** Md.Transp.Code Ann. § 7–702(a) and (b) states:
(a) Subject to subsection (b) of this section, the Administration is liable for its contracts and torts and for the torts of its officers, agents, and employees in connection with the performance of the duties and functions of the Administration under this title.
(b) The exclusive remedy for a breach of contract or for a tort committed by the Administration, its officers, agents, or employees is a suit against the Administration. No execution may be levied on any property of this State or of the Administration.

Amendment immunity because the "state's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued" (emphasis in original). *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984). This Court has refused to infer that the state has waived its Eleventh Amendment rights "merely from the fact that Maryland provides a state judicial remedy." *Friendship Villa-Clinton, Inc. v. Buck*, 512 F.Supp. 720, 727 n. 11 (D.Md.1981). Consequently, plaintiff's claim under § 1983 against the MTA must fail because the Eleventh Amendment precludes jurisdiction over this suit.

■ Plaintiff's claim against the MTA in Count II must fail also because courts have implied that a state agency is not a "person" able to be sued under § 1983 "[T]he law is well settled that a state and its agencies are not 'persons' within the meaning of § 1983, and thus may not be sued for any relief under that section." *Yerrell v. Maryland Highway Administration*, 13 F.E.P. Cases 1746, 1747 (D.Md.1976). *See also Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (dicta); *Yarbrough v. Illinois Department of Mental Health*, 538 F.Supp. 414, 416 (N.D.Ill. 1982); *Children's Memorial Hospital v. Illinois Department of Public Aid*, 562 F.Supp. 165, 167 n. 1 (N.D.Ill.1983).

■ Although the Eleventh Amendment bars suits directly against states and state agencies, it does not bar suits against state officials. Section 1983 covers acts by all those "who carry a badge of authority of a state and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Monroe v. Pape*, 365 U.S. 167, 172, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff does not contend that defendant von Briesen was following the MTA's official policy or custom in his allegedly discriminatory acts toward her; yet, Mr. von Briesen was presumably acting in his official capacity as plaintiff's supervisor when he issued her poor performance evaluation. However, the Supreme Court has suggested that a § 1983 action is not available "where the governing statute provides an exclusive remedy for violation of its terms." *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981), quoting *Maine v. Thiboutot*, 448 U.S. 1, 22 n. 11, 100 S.Ct. 2502, 2514 n. 11, 65 L.Ed.2d 555 (1980) (Powell, J., dissenting); *see also Middlesex County Sewerage Authority v. National Sea Clammers*, 453 U.S. 1, 20–21, 101 S.Ct. 2615, 2626–27, 69 L.Ed.2d 435 (1981); *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 375–78, 99 S.Ct. 2345, 2350–52, 60 L.Ed.2d 957 (1979).

In *Novotny*, the Court specifically held that a Title VII violation could not be asserted by way of § 1985(3), the conspiracy counterpart to § 1983. To do so would disregard the detailed statutory scheme established by Congress in Title VII, including express time limitations, opportunity for conciliation, investigation by the EEOC, and specification of remedies. *Id.* 442 U.S. at 373–96, 99 S.Ct. at 2349–61.

In *Middlesex County Sewerage Authority v. National Sea Clammers, supra,* the logic of *Novotny* was applied to bar an action under § 1983. In that case, the Supreme Court held that a § 1983 action was foreclosed because Congress had created a detailed statutory enforcement scheme under the Water Pollution Control Act and the Marine Protection Research and Sanctuaries Act. The scheme under Title VII is no less detailed. *See generally Novotny*, 442 U.S. at 373–76, 99 S.Ct. at 2349–51.

*Novotny* was followed in *H.R. v. Hornbeck*, 524 F.Supp. 215, 222–23 (D.Md.1981), where the court interpreted *Novotny* as curtailing "the availability of a § 1983 action to redress rights which are subject to an express administrative remedial mechanism." *Id.* at 222. Accord, *Hall v. Board of County Commissioners,* 509 F.Supp. 841, 848 (D.Md.1981) (under the *Novotny* reasoning, "it is arguable that rights se-

cured by Title VII may not be used as the basis for a § 1983 suit.")

Plaintiff nonetheless claims a right to sue under § 1983 because she asserts the violation of a constitutional, rather than a statutory right. The Supreme Court has expressly rejected this purported distinction.

In *Prieser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1983), for example, the court rejected prisoners' attempts to disregard the specific remedy of the habeas corpus statute in favor of an action under § 1983 asserting violations of their constitutional rights. Similarly, in *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the court held that § 717 of the 1964 Civil Rights Act was the exclusive remedy for challenging racial discrimination in federal employment even though such discrimination "clearly violated ... the Constitution." *Id.* at 825, 96 S.Ct. at 1964. Last term in *Smith v. Robinson*, 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), the court held that the Education of the Handicapped Act provided the exclusive remedy for petitioners who raised numerous constitutional claims.

Plaintiff is not relieved of the obligation to follow the detailed remedy provided by Congress in Title VII particularly when the exact same conduct which she claims violates Title VII is the conduct which she claims also violates the Fourteenth Amendment. Accordingly, defendant von Briesen's motion to dismiss plaintiff's § 1983 claim against him is granted.

## III. PENDENT JURISDICTION (COUNT III)

In this circuit a litigant is required to show only a loose factual connection between the federal and state claims to satisfy the requirements that they arise from a common nucleus of operative facts. Only when the state law claim is totally different from the federal claim is there no power to hear the state claim. *Webb v. Bladen*, 480 F.2d 306 (4th Cir.1973). In

this case, the common nucleus is clearly present.

The Court does have the power to hear plaintiff's state law claim, and because it serves the interest of convenience, judicial economy and fairness to exercise pendent jurisdiction, defendants' motion to dismiss the Count III seeking damages for intentional infliction of emotional distress will be denied.