558 A.2d 1242

**Alfred Kent COLLIER, et ux.**

v.

**Eugene NESBITT, et al.**

**No. 1557, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

June 13, 1989.

Raymond B. Via, Jr. (Harold R. Weisbaum and Jerome Blum & Associates, on the brief), Baltimore, for appellants.

Jane Santoni (Joseph T. Williams, on the brief), Baltimore, for appellees.

Argued before GARRITY, BLOOM and FISCHER, JJ.

FISCHER, Judge.

Appellants, Alfred and Catherine Collier, filed suit in the Circuit Court for Baltimore City seeking recovery for injuries sustained in an automobile accident allegedly caused by the negligence of Eugene Nesbitt, appellee, who operated a tow truck owned by the State Mass Transit Administration ("MTA"), appellee. As the appellants failed to notify the State Treasurer of their claim, a prerequisite under the Maryland Tort Claims Act, the court entered summary judgment in favor of Nesbitt and the MTA.

The Colliers now appeal and pose three questions for our review: whether the Tort Claims Act notice requirement applies to cases arising under Md.Trans.Code Ann. § 7–702; whether appellants substantially complied with the Tort Claims notice provision; and whether compliance is neces-

sary in light of the MTA's independent liability coverage. Because we answer the first question in the negative, we need not address the other two.

Until now, we have not had occasion to determine the applicability of the Tort Claims procedural requirements to § 7–702 of the Transportation Article. To resolve this issue, we begin by examining the relevant statutes. Section 7–702 originally appeared as Article 64B, § 49 until 1977 when it was renumbered and, without substantive change, was enacted as a provision in the newly created Transportation Article. 1977 Md. Laws ch. 13.

Regarding the MTA's liability for contracts and torts, § 7–702 provides:

(a) Administration[1] liable for contracts and torts.— Subject to subsection (b) of this section, the Administration is liable for its contracts and torts and for the torts of its officers, agents and employees in connection with the performance of the duties and functions of the Administration under this title.

(b) Exclusive remedy is suit.—The exclusive remedy for a breach of contract or for a tort committed by the Administration, its officers, agents, or employees is a suit against the Administration. No execution may be levied on any property of this State or Administration.

When construing this or any other statute, the plain meaning controls.

The cardinal rule of statutory construction is to ascertain and carry out the real legislative intent. In determining that the Court considers the language of an enactment in its natural and ordinary signification. A corollary to this rule is that if there is no ambiguity or obscurity in the language of a statute, there is usually no need to look

---

1. Transportation Article, § 7–101(b) states, "Administration means the Mass Transit Administration."

elsewhere to ascertain the intent of the General Assembly.

*Police Commissioner v. Dowling,* 281 Md. 412, 418, 379 A.2d 1007 (1977) (citations omitted). *See also St. Paul Fire and Marine Ins. Co. v. Insurance Commissioner,* 275 Md. 130, 141, 339 A.2d 291 (1975).

■ By its own terms, § 7–702 is a general waiver of sovereign immunity for the MTA. *See Weide v. Mass. Transit Admin.,* 628 F.Supp. 247, 250 (D.Md.1985). It unequivocally states that a suit against the Administration is the *"exclusive"* remedy for a tort committed by MTA employees while performing their duties.

To cover any damages assessed against the MTA as a result of these suits, § 7–703 provides in part:

(a) Property and liability insurance required.—The Administration shall self insure or purchase and maintain insurance against:

(1) Loss or damage to its property; and (2) Liability for injury to persons or property.

. . . . .

(c) Form and amount of insurance coverage.—Subject to the requirements of any agreement in connection with the issuance by the Administration of its obligations, all insurance coverage shall be in the form and amount that the Administration determines.

. . . . .

Also with respect to sovereign immunity, the Tort Claims Act was codified in 1981 as Cts. & Jud.Proc. Article, § 5–401 *et seq.* It was re-enacted in 1984 as State Gov. Article § 12–101 *et seq.* 1984 Md. Laws ch. 284 § 1. Subject to certain exclusions and limitations, § 12–104 waives the State's sovereign immunity in tort actions. The waiver extends to the amount of insurance coverage under Title 9 of the State Finance and Procurement Article. Before filing suit, however, certain procedural prerequisites must be satisfied.

Section 12–106 [2] lists these restrictions:

(a) Scope of section.—This section does not apply to a claim that is asserted by a cross-claim or counterclaim.

(b) Claim and denial required.—A claimant may not institute an action *under this subtitle* unless:

(1) the claimant submits a written claim to the Treasurer or a designee of the Treasurer within 180 days after the injury to person or property that is the basis of the claim;

(2) the Treasurer or designee denies the claim finally; and

(3) the action is filed within 1 year after the claim is denied finally or 3 years after the cause of action arises, whichever is later.

(Emphasis added.)

■ Appellants, who failed to submit a claim to the Treasurer, argue that the § 12–106 requirements are inapplicable to their case. We agree. This suit, governed by § 7–702 of the Transportation Article, is appellants' exclusive remedy against the MTA. Section 12–106 notice to the Treasurer is mandatory only for actions under the Tort Claims Act. The instant case is not such an action.

We perceive no conflict between § 12–106 and § 7–702, nor do we perceive a pre-emption issue. Rather, we see two statutes each with a different focus. While both effect a waiver of sovereign immunity, they do so to varied extents. Section 7–702 of the Transportation Article pertains only to torts committed by MTA personnel in the course of their employment. By contrast, the Tort Claims Act is a gap-filler provision authorizing suits where no specific sovereign immunity waiver otherwise exists.

This is evident in the wording of the Torts Claims Act. Section 12–102 of the State Government Article provides,

---

**2.** As originally enacted, the Tort Claims requirements were contained in § 12–105. Chapter 535 of the Laws of 1985 redesignated this provision as § 12–106.

"This subtitle shall be construed broadly, to ensure that injured parties have a remedy." Moreover, § 12–103 states, "This subtitle does not limit any other law that waives sovereign immunity of the State or the units of the State government in tort...."

The Tort Claims Act was codified four years after the MTA sovereign immunity waiver. The legislature is presumed to act with full knowledge of existing laws. *Police Commissioner v. Dowling*, 281 Md. at 412, 379 A.2d 1007; *Allers v. Tittsworth*, 269 Md. 677, 684, 309 A.2d 476 (1973). Had the General Assembly intended to modify the operation of Transportation Article, § 7–702, it would have done so. Accordingly, we decline to superimpose the Tort Claims procedures on cases arising under § 7–702 of the Transportation Article.

JUDGMENT VACATED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEES.