591 A.2d 575

Albert Nathaniel HARRIS

v.

Thomas Peter GROSS, et al.

No. 1280, Sept. Term, 1990.

Court of Special Appeals of Maryland.

June 27, 1991.

Paul William Bensch (J. Bernard McClellan, Jayne Kennedy Layer and Cohen, Snyder, McClellan, Eisenberg & Katzenberg, P.A., on the brief), Baltimore, for appellant.

Mindy S. Mintz (Robert E. Cadigan and Smith, Somerville & Case, on the brief), Baltimore, for appellees.

Argued before ALPERT, FISCHER and JAMES S. GETTY (Retired), Specially Assigned, JJ.

FISCHER, Judge.

Appellant, Albert Nathaniel Harris, appeals the dismissal of his personal injury action filed against Thomas Peter Gross and the State of Maryland, appellees, by the Circuit Court for Baltimore City.

The posture of this appeal is somewhat unusual due to the state of the docket entries. Both parties agree that Judge Ross dismissed the suit for reason that appellant failed to comply with the requirements of the Maryland Tort Claims Act, State Gov't Article §§ 12–101 through 12–109. The docket entries show, however, that the dismissal was entered pursuant to Md.Rule 2–507.

This litigation is the result of a motor vehicle accident which occurred on October 14, 1983 on Martin Luther King, Jr. Boulevard near Pennsylvania Avenue in the City of Baltimore. Appellant alleges that, while stopped in traffic, his vehicle was struck by an automobile owned by the State of Maryland, Department of Health & Mental Hygiene and operated by Gross. Suit was filed, and the case progressed in the Circuit Court for Baltimore City somewhat normally until August 8, 1989 when the Clerk of the Circuit Court for Baltimore City sent to the parties a notification of contemplated dismissal pursuant to Md.Rule 2–507.[1] On April 30, 1990 when counsel for appellant participated in a hearing on the Rule 2–507 issue, he was confronted by an oral motion to dismiss made by appellees on the basis of a failure to comply with the requirements of the Maryland Tort Claims Act. Judge Ross was persuaded by appellees' motion, and on the same date he made the following notation for the file, "Motion denied. Dismiss. This case is not viable because of failure to comply with Md.Tort Claims Act C.J. § 5–406 1983 Cum.Supp." The docket entries, however,

---

1. Rule 2–507 provides *inter alia* that an action is subject to dismissal at the expiration of one year from the last docket entry.

reflect that the dismissal was pursuant to Rule 2–507. The entry reads, "Case dismissed under 2–507—Judgment in favor of Defendant for costs of suit."

Appellant subsequently moved for reconsideration, arguing that he was surprised by the oral motion to dismiss which was based on an alleged Tort Claims Act violation. On June 20, 1990, Judge Ross granted the motion for reconsideration and set appellant's motion to defer dismissal for hearing on July 9, 1990. On July 9, 1990, appellant failed to appear for the hearing and Judge Ross, in effect, denied appellant's motion to defer dismissal. Judge Ross noted for the file, "Dismiss plaintiff failed to comply with Md.Tort Claims Act, no viable claim." The clerk, however, entered the following docket entry, "Dismissed under Rule 2–507 of the Maryland Rules of Procedure ..."

On July 17, 1990, appellant filed another motion for reconsideration. In this motion, he pointed out that on June 5, 1990 and July 13, 1990 appellant's counsel received notices from the Clerk of the Circuit Court for Baltimore City informing appellant that a hearing was scheduled on July 26, 1990. Counsel stated that he was first advised of the July 9 hearing when a member of Judge Ross' staff telephoned at 4:20 p.m. on July 9, 1990. An attorney was dispatched to Judge Ross' chambers only to learn that the motion had already been decided. Attached to appellant's motion for reconsideration were copies of the notices from the Clerk dated June 5, 1990 and July 13, 1990 indicating a hearing date of July 26, 1990. Judge Ross refused to reconsider the dismissal, and this appeal ensued.[2]

Appellant raises issues for our consideration as follows:

1. Did the circuit court err when it dismissed the appellant's case pursuant to Maryland Rule 2–507?

---

**2.** In distilling these facts, we lacked the assistance of appellant who failed to comply with this provision of Maryland Rule 8–501(i): "The date of filing of each paper reproduced in the extract shall be stated at the head of the copy."

2. Did the circuit court err when it ruled that the appellant had failed to meet the notice requirement of the Maryland Tort Claims Act?

(a) Should the Maryland Tort Claims Act be read in conjunction with the other statutory · provisions which limit the use of sovereign immunity?

(b) Is the U.S.F. & G. a proper designee of the treasurer?

(c) If the court finds that U.S.F. & G. is not a designee within the meaning of the Act, then did the trial court err in dismissing the suit based on technical deviations which were not fatal to appellant's claim, making dismissal of the suit inequitable?

(d) Is appellee estopped from arguing that appellant has failed to meet the notice requirements of the Act?

## Discussion

In our view of the law relevant to the facts of this case, it is only necessary for us to discuss Md.Rule 2–507 and former Md.Trans.Code Ann. § 17–107(b) as it related to the Maryland Tort Claims Act.

First with regard to Rule 2–507, we stated in *Dypski v. Bethlehem Steel Corp.*, 74 Md.App. 692, 699–700, 539 A.2d 1165 (1988) (citations omitted), "Md.Rule 2–507 was promulgated to remove 'dead' cases from the docket, not to penalize plaintiffs for the procrastination of their attorneys." We do not wish to dwell upon the Rule 2–507 dismissal since it is abundantly clear (and admitted by both parties) that the dismissal appealed from was not based upon Rule 2–507 but rather upon the impact of the Maryland Tort Claims Act. We can only assume that, had the Rule 2–507 question been the only consideration before Judge Ross, he would have exercised his discretion in determining whether to strike the dismissal using the criteria set out in *Powell v. Gutierrez*, 310 Md. 302, 529 A.2d 352 (1987).

It is clear that appellant has failed to comply with the requirements of the Maryland Tort Claims Act. If he were

required to proceed under the Act the dismissal by the trial court would be appropriate. It is apparent to us, however, that former § 17–107(b) of the Trans. Art., in effect at the pertinent time, made it unnecessary for appellant to comply with the Tort Claims Act in order to maintain this suit.[3]

Trans. Art. § 17–107(b) stated:

(b) Defense of sovereign immunity—An owner or lessee of any motor vehicle registered under Title 13 [Vehicle Laws—Certificates of Title and Registration of Vehicles] of this article may not raise the defense of sovereign or governmental immunity, to the extent of benefits provided by the security accepted by the Administration under § 17–103 [vehicle liability insurance policy] of this subtitle, in any judicial proceeding in which the plaintiff claims that personal injury, property damage, or death was caused by the negligent use of the motor vehicle while in government service or performing a task of benefit to the government.

Appellees recognize that § 17–107(b) constituted a waiver of sovereign immunity enacted by the legislature prior to the advent of the Tort Claims Act. They insist, however, that former § 17–107(b) must be read in conjunction with the Tort Claims Act to the end that the procedures set out in the Tort Claims Act must be followed before a suit allowed by § 17–107(b) could have been prosecuted. We disagree. Had the legislature desired that the requirements of the Tort Claims Act be applicable to § 17–107(b) it would have stated accordingly. Rather, the legislature provided in Maryland Tort Claims Act, State Gov't Article, § 12–103, "This subtitle does not: (1) limit any other law that: (i) waives the sovereign immunity of the State or the

---

**3.** Effective July 1, 1988, subsection (b) was redesignated as subsection (c). 1988 Md.Laws ch. 787. Subsection (c) was later rewritten, 1990 Md.Laws ch. 546, § 3, and in its present form reads, "An owner or lessee of any motor vehicle registered under Title 13 of this article may not raise the defense of sovereign or governmental immunity as described under § 5–399.4 [Negligent use of motor vehicle while in government service] of the Courts and Judicial Proceedings Article."

units of the State government in tort...." We understand the foregoing to mean that the enactment of the Tort Claims Act did not limit the effectiveness of former § 17–107(b), and a suit may have been brought pursuant to § 17–107(b) irrespective and independently of the Tort Claims Act.

In a similar case, *Collier v. Nesbitt,* 79 Md.App. 729, 558 A.2d 1242 (1989), we held that the procedural requirements of the Tort Claims Act did not apply to suits filed under Trans. Art. § 7–702 which waives sovereign immunity with respect to cases against the State Mass Transit Administration. What we said in *Collier,* 79 Md.App. at 733, 558 A.2d 1242, applies with equal force to the case at bar:

> We perceive no conflict between § 12–106 and § 7–702, nor do we perceive a pre-emption issue. Rather we see two statutes each with a different focus. While both effect a waiver of sovereign immunity, they do so to varied extents. Section 7–702 of the Transportation Article pertains only to torts committed by MTA personnel in the course of their employment. By contrast, the Tort Claims Act is a gap-filler provision authorizing suits where no specific sovereign immunity waiver otherwise exists.

The Tort Claims Act was enacted subsequent to § 17–107(b). Had the legislature intended to superimpose the requirements of the Torts Claims Act on suits permitted by § 17–107(b), it would have done so. It is clear to us that this suit may have been brought pursuant to former § 17–107(b) independently of the requirements of the Tort Claims Act.[4]

---

**4.** Our holding applies equally to § 17–107(c), the recodified version of former § 17–107(b). *See* 1990 Md.Laws Section 4, ch. 546 which provides that "the provisions of this Act are intended only to consolidate the current provisions on immunities ... and to make stylistic changes, and there is no intent to alter substantively any statutory or common-law immunities, limitations on liability, or prohibited actions."

**770**

JUDGMENT REVERSED.

COSTS TO BE PAID BY APPELLEES.