THE STATE OF OHIO, TRUSTEE, APPELLEE, *v.* CITY OF BOWLING GREEN, APPELLANT.

(No. 73-182—Decided June 26, 1974.)

282

*Mr. William J. Brown,* attorney general, and *Mr. John T. Davidson,* for appellee.

*Mr. John T. Cheetwood,* city solicitor, and *Mr. Norman J. Geer,* for appellant.

PAUL W. BROWN, J. The "property" interest which every state holds in its wildlife has been explicitly recognized by the United States Supreme Court on numerous occasions. The most extended discussion appears in *Geer* v. *Connecticut* (1896), 161 U. S. 519. See, also, *Toomer* v. *Witsel* (1948), 334 U. S. 385; *Lacosta* v. *Dept. of Conservation* (1924), 263 U. S. 545; *McCready* v. *Virginia* (1876), 94 U. S. 391; *Martin* v. *Waddell* (1842), 41 U. S. 367.

The common law in Ohio has consistently recognized the trust doctrine and that it is predicated upon the property interest which the state holds in such wildlife as a trustee for all citizens. See, *e. g., State* v. *Hanlon* (1907), 77 Ohio St. 19; *Salesnak Fisheries* v. *Cashner* (1967), 9 Ohio App. 2d 233.

We conclude that where the state is deemed to be the trustee of property for the benefit of the public it has the obligation to bring suit not only to protect the corpus of the trust property but also to recoup the public's loss occasioned by the negligent acts of those who damage such property; *State* v. *Cramer* (1932), 167 Wash. 159, 163, 8 P. 2d 1004. *Maryland Dept. of Natural Resources* v. *Amerada Hess Corp.* (Md. 1972), 350 F. Supp. 1060, 1067; *Ohio* v. *Wyandotte Chemicals Corp.* (1971), 401 U. S. 493.

An action against those whose conduct damages or destroys such property, which is a natural resource of the public, must be considered an essential part of a trust doctrine, the vitality of which must be extended to meet the changing societal needs.

R. C. 1531.02, criminalizing certain conduct with respect to wildlife resources, does not detract from this ability of the state to proceed civilly, nor does it limit such proceedings to "persons" as defined in R. C. 1531.01. The state's right to recover exists simply by virtue of the public trust property interest which is protected by traditional common law and is not limited by the statutory language to which appellant refers.

The controlling question in this case is whether a municipality may impose the defense of sovereign immunity in an action brought against it by the state, based upon the negligent performance of a municipal function by the municipality. This question is one of first impression in this court.

Neither the parties' nor this court's exhaustive research have produced any case which has squarely confronted the questions;[1] all prior cases involved a suit by a *private party* against a municipality. None involved a suit by the *state* against a municipality. For this reason, none

---

[1]But, see, *Newark* v. *United States* (1958), 254 F. 2d 93, in which the Third Circuit Court of Appeals held that the city of Newark, New Jersey, could not raise a claim of sovereign immunity against the United States' defense of contributory negligence in an action by the city for damages to one of its ambulances which collided with a United States mail truck.

of this court's past cases on municipal tort immunity are directly controlling in the present case.

The issue of governmental immunity was discussed in *Wooster* v. *Arbenz* (1927), 116 Ohio St. 281, 283, wherein this court said:

"* * * The nonliability for governmental functions is placed upon the ground that the *state* is sovereign, that the sovereign cannot be sued without its consent, and that the *municipality* is the mere agent of the *state* and therefore cannot be sued unless the state gives its consent by legislation." (Emphasis added.) This language was favorably cited in *Williams* v. *Columbus* (1973), 33 Ohio St. 2d 75, the most recent municipal immunity case decided by this court. In discussing the proprietary-governmental dichotomy, *Wooster* v. *Arbenz, supra,* at page 284, further illuminates the source of a municipality's immunity:

"* * * In performing those duties which are imposed upon the state as obligations of sovereignty, such as protection from crime, or fires, or contagion, or preserving the peace and health of citizens and protecting their property, it is settled that the function is governmental, and if the municipality undertakes the performance of those functions, whether voluntarily or by legislative imposition, the municipality becomes an arm of sovereignty and a governmental agency and is entitled to that immunity from liability which is enjoyed by the state itself. * * *"

It is thus clear that a municipality in Ohio is not inherently immune from liability in tort. Unlike the state, whose historic sovereign immunity is controlled by the provisions of Section 16, Article I of the Ohio Constitution (*Krause* v. *State* [1972], 31 Ohio St. 2d 132), a municipality is not directly clothed with or relieved from immunity from liability in tort by any constitutional provision.[2] Its im-

---

[2]The provisions of Section 16, Article I of the Ohio Constitution have never been applied to municipalities by this court and the concept of distinguishing between governmental and proprietary functions has never been applied to the activities of the state. *Krause* v. *State, supra,* at page 146. See *Wooster* v. *Arbenz, supra.*

munity is derivative; it arises because the municipality, when performing a governmental function, is acting as an arm or agent of the state.

Where a municipality negligently performs a governmental function, and as a proximate result thereof a private injury is caused, the injured party cannot maintain a damage suit against the municipality because the city is clothed with the state's immunity. In such a situation the state is analogous to a principal with immunity, and the municipality to an agent, and the injured party to a third person. The immunity of the principal filters down to the agent. However, where the injured party is the state itself, this analogy disintegrates. Instead, the situation resembles a suit by a principal against an agent whose negligence has resulted in damage to the principal. In such a situation it would be illogical to allow the municipality to assert its general tort immunity against the very source of that immunity.

We are not called upon to decide the effect of state statutes, such as those in R. C. Chapter 6111, which authorize the Water Pollution Control Board to issue permits for the discharge of sewage into the waters of the state, for it is not maintained that any such permit was in effect at the time of the acts complained of.

The judgment of the Court of Appeals, reversing and remanding this cause to the Court of Common Pleas, is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE and W. BROWN, JJ., concur.

CORRIGAN, J., dissents.