308 Md. 618 (1987)
521 A.2d 729
MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION
v.
WESLEY A. KRANZ.
No. 95, September Term, 1985.
Court of Appeals of Maryland.
March 3, 1987.
Joseph M. Mott, Asst. Co. Atty. (Paul A. McGuckian, Co. Atty., Clyde H. Sorrell, Sr. Asst. Co. Atty., on the brief), Rockville, for appellant.
Thomas E. Walker, Landover, for appellee.
Argued before MURPHY, C.J., and SMITH[*], ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.
ELDRIDGE, Judge.
This case involves the interpretation and scope of Maryland Code (1957, 1986 Repl. Vol.), Art. 28, § 2-111, which waives the immunity from tort suits of the Maryland-National Capital Park and Planning Commission.[1]
The plaintiff, Wesley A. Kranz, brought this tort action for money damages in the Circuit Court for Prince George's County. Initially named as defendants were the Commission and John T. Moore who was employed by the Commission as a police officer. The plaintiff Kranz alleged that he was on park property belonging to the Commission when he was stopped and detained by Officer Moore. It was further alleged that Officer Moore "negligently ... manhandle[d]" Kranz, resulting in injury to Kranz's elbow.
Shortly after the suit was filed, Kranz voluntarily dismissed Officer Moore as a defendant. The Commission then sought summary judgment on the sole ground that Art. 28, § 2-111, waived the Commission's immunity from tort suits only for "proprietary functions" and that the waiver of immunity did not extend to "governmental functions." In making this statutory construction argument, the Commission relied upon a sentence in § 2-111(e) which states: "However, nothing in this section may be construed to be a waiver of the Commission's total governmental immunity." The Commission further argued that, because the allegedly negligent actions occurred in the course of a "governmental" police function, it could not be held liable for the actions of Officer Moore.
The circuit court granted the Commission's motion for summary judgment but on a different ground than that urged by the Commission. The court rejected the Commission's argument, stating that the statutory language did not distinguish between actions "which are proprietary and [actions] which are governmental." The court went on, however, as follows:
"As I see this case, gentlemen, we have a statute which gives the police officer immunity except for any malicious act over and above his `scope of employment.'[[2]] Plaintiff has now dismissed as to the police officer. The next question would be can the employer, municipal agency in this case, be held liable when his employee cannot be held liable?"
Answering the question in the negative, the circuit court held that the governmental entity "cannot be held liable when [its] agent cannot be held liable."
Kranz appealed to the Court of Special Appeals which, in an unreported opinion, reversed the circuit court's judgment. With regard to the basis for the circuit court's decision, the Court of Special Appeals held that the circuit court's ruling was inconsistent with this Court's opinions in Cox v. Prince George's County, 296 Md. 162, 460 A.2d 1038 (1983), and James v. Prince George's County, 288 Md. 315, 418 A.2d 1173 (1980). The intermediate appellate court held that the personal immunity of an employee from suit did not necessarily mean that a government agency, which has waived immunity, cannot be held liable under the doctrine of respondeat superior for the employee's torts committed without malice and in the scope of employment. Turning to the Commission's argument, that the language of Art. 28, § 2-111, waived the Commission's immunity in accordance with the governmental-proprietary distinction applicable to counties and municipalities, the Court of Special Appeals held that such a construction of the statute would be "an exercise in mental gymnastics and would ... frustrate the clear intent of the Legislature in enacting § 2-111."
The Commission then petitioned this Court for a writ of certiorari, raising only the contention that the language of Art. 28, § 2-111, and specifically the second sentence of § 2-111(e), embodied "a governmental-proprietary type of immunity commensurate with that enjoyed by counties and municipalities" (Petition, p. 8). We granted the petition and shall affirm the Court of Special Appeals' judgment.
As this Court has often pointed out, the doctrine that the State of Maryland and state agencies are generally immune from suits, unless the immunity has been waived by the General Assembly, "`is firmly embedded in the law of Maryland.'" Austin v. City of Baltimore, 286 Md. 51, 53, 405 A.2d 255 (1979), quoting Katz v. Wash. Suburban Sanitary Comm'n, 284 Md. 503, 507, 397 A.2d 1027 (1979). On the other hand, counties and municipalities do not possess this general immunity. Instead, counties and municipalities have never been given immunity in contract actions, and, in tort actions, they are not immune with regard to those matters categorized as "proprietary" but are immune with regard to those matters categorized as "governmental." See generally, e.g., Tadjer v. Montgomery County, 300 Md. 539, 546-550, 479 A.2d 1321 (1984); Austin v. City of Baltimore, supra, 286 Md. at 58-61, 63-66 (majority opinion), 70-78 (concurring and dissenting opinion), 83-84 (dissenting opinion), 405 A.2d 255; Katz v. Washington Sub. San. Comm'n, supra, 284 Md. at 507-512, 397 A.2d 1027; Bradshaw v. Prince George's County, supra, 284 Md. at 300, 396 A.2d 255; American Structures v. City of Baltimore, 278 Md. 356, 358-360, 364 A.2d 55 (1976); Cox v. Anne Arundel County, 181 Md. 428, 431-433, 31 A.2d 179 (1943).
The starting point for analyzing the Commission's statutory construction argument is this Court's decision in O & B, Inc. v. Md.-Nat'l Cap. P. & P., 279 Md. 459, 369 A.2d 553 (1977). In O & B, several persons brought tort suits against the Commission and others, claiming that the plaintiffs' automobiles were wrongfully towed from property owned by the Commission. The Commission claimed immunity as a governmental agency, and the circuit court upheld the immunity claim. On appeal to this Court, the plaintiffs contended that the Commission was a local government agency, that therefore the governmental-proprietary distinction controlled the issue of the Commission's immunity from suit, and that the Commission was not immune in the O & B case because the tortious acts allegedly arose out of a proprietary activity. This Court's opinion in O & B, after initially pointing out that state agencies enjoyed "total immunity" in tort actions whereas the immunity of local government agencies depended on the governmental-proprietary distinction (279 Md. at 462, 369 A.2d 553), held that the Commission was a state agency, that the governmental-proprietary distinction had no relevance to the Commission's tort immunity, and that the Commission was "generally immune from actions in tort" unless that immunity had been waived by the General Assembly (id. at 462-466, 369 A.2d 553). The Court in O & B went on to hold that, while the General Assembly had provided that the Commission could "sue and be sued," see Art. 28, § 2-110, such language was not sufficient to constitute a waiver of immunity covering torts such as those alleged in the case before the Court. 279 Md. at 466-468, 369 A.2d 553.
In response to the O & B case, the General Assembly at its next annual session enacted § 2-111 to follow the "sue and be sued" clause of § 2-110. See Ch. 778 of the Acts of 1978. Section 2-111(a)(1) requires the Commission to establish an insurance program to pay personal injury, property damage or death claims "resulting from negligence, malpractice, or any other type of civil or tortious action of the Commission, or of its members, staff, employees, and agents acting within the scope of their duties...." Section 2-111(a)(1) goes on to exclude, however, claims based on malicious acts and gross negligence. The first sentence of § 2-111(e) contains additional exclusions, stating that the "Commission may raise the defense of partial governmental immunity for any liability exposure in excess of insurance limits, when punitive damages are sought, or for any other liability exposure not covered by insurance." The second sentence of § 2-111(e) as previously discussed, is the sentence relied on by the Commission and provides that nothing in § 2-111 is to be construed as "a waiver of the Commission's total governmental immunity."
We fully agree with both courts below in rejecting the Commission's argument that the second sentence of § 2-111(e) embodies a waiver of immunity in accordance with the governmental-propriety distinction. In our view, the argument is untenable.
We have repeatedly stated that, in construing statutes, the legislative intent is primarily gleaned from the language of the statute. Nothing in the language of § 2-111, and particularly nothing in the second sentence of subsection (e), suggests that the General Assembly intended that tort claims characterized as "proprietary" should be allowed and tort claims characterized as "governmental" should not be allowed. Instead, the Legislature carefully delineated, on an entirely different basis than the governmental-proprietary distinction, those types of claims which are compensable and those types of claims which are not. This was done in § 2-111(a)(1) and in the first sentence of § 2-111(e). The second sentence of § 2-111(e) then makes it clear that, with regard to those claims excluded under § 2-111(a)(1) and 2-111(e), the defense of governmental immunity will remain applicable.
In support of its argument, the Commission seizes upon the General Assembly's use of the phrase "governmental immunity" in § 2-111(e). The Commission asserts that this Court has drawn a distinction between "governmental immunity" and "sovereign immunity," using the phrase "governmental immunity" when referring to the tort immunity of counties and municipalities and the phrase "sovereign immunity" when referring to the immunity of the State and state agencies. The Commission goes on to point out that the Legislature is presumed to be aware of this Court's decisions. Consequently, according to the Commission, when the Legislature used the phrase "governmental immunity," it was referring to the type of immunity which is possessed by counties and municipalities and which involves the governmental-proprietary distinction.
While the terms "governmental" and "sovereign" have occasionally been used in accordance with the distinction drawn by the Commission, more often the cases have used one term for both the immunity of the State and the subdivisions or have used the two terms interchangeably. E.g., Jackson v. Housing Opp. Comm'n, 289 Md. 118, 120, 422 A.2d 376 (1980) ("Our conclusion that there has been a limited waiver of governmental immunity applies whether the HOC is a state agency or an agency of Montgomery County"); Austin v. City of Baltimore, supra, 286 Md. at 53, 405 A.2d 255 ("The doctrine [of sovereign immunity] today is, perhaps, more accurately characterized as `governmental immunity'"); Board v. John K. Ruff, Inc., 278 Md. 580, 583, 366 A.2d 360 (1976) ("That point concerns the doctrine of sovereign immunity, or as it is often alternatively referred to, governmental immunity"); Chas. E. Brohawn & Bros. v. Board, 269 Md. 164, 166, 304 A.2d 819 (1973) ("The doctrine of sovereign immunity or, as it is often alternatively referred to, governmental immunity, was before this Court in ..."); Godwin v. County Comm'rs, 256 Md. 326, 334, 260 A.2d 295 (1970) ("the doctrine of sovereign immunity is not only applicable to the State, itself, as a governmental agency, but is also applicable to its agencies and instrumentalities, including its municipal political sub-divisions"). See Mass Transit v. Household Finance, 292 Md. 313, 315, 439 A.2d 1104 (1982); Katz v. Wash. Sub. San. Comm'n, supra, 284 Md. at 505-507, 397 A.2d 1027; Bradshaw v. Prince George's County, supra, 284 Md. at 295, 297, 299, 396 A.2d 255. Moreover, the General Assembly itself has not used the terms in accordance with the Commission's distinction. See, e.g., Code (1957, 1981 Repl.Vol.), Art. 25A, § 5(CC) (authorizing home rule counties to provide "for the waiver of sovereign immunity so that the county may be sued in tort actions"); Code (1957, 1981 Repl.Vol., 1986 Cum.Supp.), Art. 23A, § 1A(a) ("a municipal corporation ... may not raise the defense of sovereign immunity in ...") (emphasis added).
In light of the above-cited cases and statutory provisions, the General Assembly's use of the phrase "governmental immunity" in § 2-111(e), lends no support to the Commission's statutory construction argument.
The Commission's argument is also inconsistent with the history associated with the enactment of § 2-111. As previously discussed, in O & B, Inc. v. Md.-Nat'l Cap. P. & P., supra, 279 Md. at 462-468, 369 A.2d 553, this Court specifically held that the governmental-proprietary distinction had no application to the Commission, that the Commission was a state agency and as such had general tort immunity, and that this immunity had not been waived. Section 2-111 was enacted the following year, in response to the O & B case. The new statute expressly modified the waiver holding of the O & B case. If the General Assembly had also intended to modify the O & B holding concerning the inapplicability of the governmental-proprietary distinction to the Commission, it is likely that the General Assembly would have done so expressly. Nevertheless, the statute was silent with regard to the Commission's status as a state agency, and the statute made no reference to the governmental-proprietary distinction.
Neither this Court nor the General Assembly, to the best of our knowledge, has ever utilized the governmental-proprietary distinction with respect to the tort immunity of a state agency. We perceive no sound reason to give a strained interpretation to the language of Art. 28, § 2-111, in order to achieve this unprecedented result in the instant case.
JUDGMENT AFFIRMED, WITH COSTS.
NOTES
[*] Smith, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.
[1] The provisions of Art. 28, § 2-111, which are relevant to this case, are as follows:

"(a) Establishment; purposes.  The Commission shall establish an adequate comprehensive insurance program:
(1) To compensate for injury to or death of persons or damage to property, resulting from negligence, malpractice or any other type of civil or tortious action of the Commission, or of its members, staff, employees, and agents acting within the scope of their duties, acting without malice, and in the absence of gross negligence; and
(2) To provide protection for property of the Commission and for officials and employees acting within the scope of their duties, including a comprehensive workers' compensation program. The Commission may purchase such other liability insurance as it deems necessary.
* * * * * *
"(e) Governmental immunity.  The Commission may raise the defense of partial governmental immunity for any liability exposure in excess of insurance limits, when punitive damages are sought, or for any other liability exposure not covered by insurance. However, nothing in this section may be construed to be a waiver of the Commission's total governmental immunity. This subsection is intended to include also all claims pending on June 1, 1978, provided that an insurance policy to cover such liability was in effect at the time the claim accrued."
[2] The trial court did not further identify the "statute" to which it was referring. Perhaps the court was referring to a provision of the Prince George's County Charter, applicable to county employees, and discussed by us in Cox v. Prince George's County, 296 Md. 162, 167-169, 460 A.2d 1038 (1983); James v. Prince George's County, 288 Md. 315, 320-322, 418 A.2d 1173 (1980); and Bradshaw v. Prince George's County, 284 Md. 294, 396 A.2d 255 (1979). See also Prince George's County v. Fitzhugh, 308 Md. 384, 519 A.2d 1285 (1987).