578 A.2d 207

**BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY**

**v.**

**MAYOR AND COMMON COUNCIL OF THE TOWN OF RIVERDALE, Maryland.**

**No. 121, Sept. Term, 1988.**

Court of Appeals of Maryland.

Aug. 30, 1990.

Andrew W. Nussbaum and Paul M. Nussbaum, Reichelt, Nussbaum, Brown, Dukes & LaPlaca, all on brief, Green-belt, for appellant.

Robert W. Shook and James E. McCollum, Jr., both on brief, College Park, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL *, JJ.

ELDRIDGE, Judge.

This case presents the question of whether a municipality may rely on the defense of governmental immunity when sued by a State agency.

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

## I.

The Board of Education of Prince George's County filed a complaint in the Circuit Court for Prince George's County seeking to recover damages against the Mayor and Common Council of the Town of Riverdale. In its complaint, the Board asserted that Riverdale, an incorporated municipality, was liable for damages caused by a leak of gasoline from the underground tank of Riverdale's maintenance facility into the sump pump of a public elementary school owned by the Board. It was also alleged that the leaking gasoline caused flammable vapors in the school and that, therefore, the school was closed by order of the fire department. The Board's complaint was based on alternate theories of negligence, strict liability, and nuisance.

Riverdale filed a motion to dismiss, asserting that the town was immune from suit under the doctrine of governmental immunity. The Board opposed this motion on three grounds. First the Board contended that general immunity principles were irrelevant in this case because the General Assembly abrogated all governmental immunity in the area of water pollution by Maryland Code (1974, 1983 Repl.Vol., 1984 Supp.), §§ 8–1402 to 8–1417 of the Natural Resources Article.[1] Next the Board argued that, even if Maryland's water pollution statutes did not abrogate governmental immunity, Riverdale did not enjoy immunity here because its operation of the maintenance facility was a proprietary, not governmental, function. Finally the Board contended that Riverdale had no immunity with respect to the Board's nuisance cause of action because governmental immunity does not protect municipalities from nuisance actions.

The trial court rejected the Board's arguments and granted Riverdale's motion to dismiss. As to the Board's first argument, the court held that the government was not expressly included under the water pollution statutes as a party to be sued, and that the statutes' purpose of prevent-

---

1. These provisions were later moved to Maryland Code (1987, 1989 Supp.) §§ 4–402 to 4–418 of the Environment Article.

ing pollution did not, by itself, abrogate the doctrine of governmental immunity.[2] The circuit court also decided that Riverdale's operation of the maintenance facility was a governmental function, and, thus, there was immunity from suit. Finally, the court held that the Board could not maintain a nuisance claim against Riverdale. In so holding, the circuit court relied on *Herilla v. City Council of Baltimore*, 37 Md.App. 481, 378 A.2d 162 (1977), which the court construed as holding that the nuisance exception to governmental immunity was predicated on a private individual's constitutional right against the public taking of his land without compensation. The circuit court reasoned that the Board, as a public entity, could not benefit from this exception.

The Board took an appeal to the Court of Special Appeals, raising the same grounds on which it had relied in the circuit court. We issued a writ of certiorari before argument in the Court of Special Appeals. In addition to the three issues raised by the Board, this Court raised a fourth question, namely whether a local government (*i.e.*, a county or municipality) may rely on governmental immunity as a defense when sued by the State or a State agency.[3]

## II.

Preliminarily, we note that, even if the doctrine of governmental immunity were to protect Riverdale from the

---

2. Code (1974, 1983 Repl.Vol.), § 8–1409 of the Natural Resources Article (now § 4–402 of the Environment Article) provided: "The person responsible for ... oil spillage shall be liable to any other person for any damage to his real or personal property directly caused by the spillage." In 1988, after the trial court's order to dismiss this case, the General Assembly explicitly defined "person" in Title 4 of the Environment Article to include "the federal government, the State, any county, municipal corporation, or other political subdivision of the State, or any of their units." § 4–101.1 of the Environment Article.

3. It is settled that county boards of education are State agencies. *Board v. Secretary of Personnel*, 317 Md. 34, 44 n. 5, 562 A.2d 700 (1989), and cases there cited.

Board's claims based on negligence and strict liability, the doctrine of governmental immunity would have no application to the Board's nuisance claim. In Maryland, counties and municipalities have never been accorded immunity from nuisance suits. *Tadjer v. Montgomery County,* 300 Md. 539, 550, 479 A.2d 1321 (1984). Contrary to the view of the circuit court below, this absence of immunity for Maryland counties and municipalities in nuisance actions is not predicated on a private individual's constitutional right against a public taking of his property without just compensation. An action based on an unconstitutional taking is distinct from a nuisance action. *See Taylor v. M. & C.C. of Balt.,* 130 Md. 133, 148, 99 A. 900 (1917) (municipality can be sued for nuisance even where its actions do not constitute a "taking" within the meaning of the Constitution). Instead, the lack of county and municipal immunity in nuisance actions is based on the theory that " 'a municipal corporation has no more right to erect and maintain a nuisance on its own land than a private individual would have to maintain such a nuisance on his land....' " *Livezey v. Bel Air,* 174 Md. 568, 575, 199 A. 838 (1938), quoting *Taylor v. M. & C.C. of Balt., supra,* 130 Md. at 148, 99 A. at 905.

■ Thus, the principle that county and municipal governmental tort immunity does not apply in a nuisance action is not dependent upon a violation of a private individual's constitutional rights. A governmental entity such as a Board of Education generally has the same right as a private individual to maintain a nuisance action against a municipality.

### III.

We have long recognized that the doctrine of sovereign or governmental immunity generally protects the State of Maryland from suit unless the immunity has been waived by the General Assembly. *Md.–Nat'l Cap. P. & P. Comm'n v. Kranz,* 308 Md. 618, 622, 521 A.2d 729 (1987), and cases cited therein.

■ State agencies have normally been treated as if they were the State of Maryland for purposes of immunity, so that they enjoy the same immunity from ordinary tort and contract suits which the State enjoys. *See Md.–Nat'l Cap. P. & P. Comm'n v. Kranz, supra,* 308 Md. at 622, 521 A.2d at 731; *Austin v. City of Baltimore,* 286 Md. 51, 53, 405 A.2d 255 (1979). The reason for this is that State agencies exist merely as the State's "hands or instruments to execute [the State's] will...." *Baltimore v. State,* 173 Md. 267, 271, 195 A. 571 (1937). Indeed, "to hold [state agencies] responsible for negligence would be the same as holding the sovereign power answerable to its action." 18 McQuillan, *Municipal Corporations,* § 53.24 at 279 (3d ed. rev. 1984).

Counties and municipalities, on the other hand, have not been accorded this broad general immunity from suit. *Md.–Nat'l Cap. P. & P. Comm'n v. Kranz, supra,* 308 Md. at 622, 521 A.2d at 731. It is true that they are instrumentalities of the State, created by the State to carry out some of the State's governmental functions. Nevertheless, under Maryland law, they have consistently been treated differently from State agencies and the State itself for purposes of immunity from suit. Thus, counties and municipalities have never been granted immunity in contract actions. *Md.–Nat'l Cap. P. & P. Comm'n v. Kranz, supra,* 308 Md. at 622, 521 A.2d at 731; *American Structures v. City of Balto.,* 278 Md. 356, 359–360, 364 A.2d 55 (1976). Their immunity "is limited to tortious conduct," *Austin v. City of Baltimore, supra,* 286 Md. at 53, 405 A.2d at 256. And, as to tort actions, the immunity is limited. As previously noted, it is inapplicable to nuisance actions. *Tadjer v. Montgomery County, supra,* 300 Md. at 550, 479 A.2d at 1326. It is also inapplicable to actions based on violations of constitutional rights. *Clea v. City of Baltimore,* 312 Md. 662, 667–668 n. 3, 541 A.2d 1303 (1988), and cases there cited.

■ With regard to ordinary tort actions, counties and municipalities can rely on the defense of governmental

immunity only when they exercise a function categorized as "governmental" rather than "proprietary" or "corporate." *See, e.g., Md.–Nat'l Cap. P. & P. Comm'n v. Kranz, supra,* 308 Md. at 622, 521 A.2d at 731, and cases cited therein; *Godwin v. County Comm'rs,* 256 Md. 326, 334–335, 260 A.2d 295, 299 (1970); *Baltimore v. State, supra,* 173 Md. at 271–272, 195 A. at 574.

While the governmental immunity of counties and municipalities is much narrower than the immunity of the State, nevertheless the immunity of counties and municipalities is derived from the State's sovereign immunity. *See Bradshaw v. Prince George's County,* 284 Md. 294, 299–300, 396 A.2d 255 (1979); *Godwin v. County Comm'rs, supra,* 256 Md. at 334–335, 260 A.2d at 299; *Cox v. Anne Arundel County,* 181 Md. 428, 431, 31 A.2d 179 (1943) ("When the State gives a city or county part of its ... power to exercise, the city or county to that extent is the State").

■ We believe that the nature of governmental immunity for counties and municipalities prevents them from asserting the defense of immunity when sued by the State or a State agency. As explained in McQuillan, *supra,* § 53.24 at 281:

"[A] municipality derives its general tort immunity from the state because it is deemed to act as the state's arm or agent when performing governmental functions. It has been stated, then, that it would be illogical to allow a municipality sued by the state to assert its immunity against the very source of that immunity. Consequently, it has been held that a municipality may not assert the defense of sovereign immunity in an action based upon its negligent performance of a governmental function brought by the state itself."

In *State v. City of Bowling Green,* 38 Ohio St.2d 281, 313 N.E.2d 409, 412 (1974), the Supreme Court of Ohio initially pointed out "that a municipality ... is not inherently immune from liability in tort. * * * Its immunity is derivative; it arises because the municipality, when performing a

governmental function, is acting as an arm or agent of the state." The court then observed that while the immunity of the State as principal filters down to its agent (the municipality) when a third party files suit, no such immunity protects an agent whose negligence has resulted in damage to the principal. The Ohio court concluded that "it would be illogical to allow the municipality to assert its general tort immunity against the very source of that immunity." 38 Ohio St.2d at 285, 313 N.E.2d at 412. *See also United States v. State of Texas*, 143 U.S. 621, 645–646, 12 S.Ct. 488, 493–494, 36 L.Ed. 285 (1892) (" 'it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent.' The question as to the suability of one government by another government rests upon wholly different grounds"); *City of Newark v. United States*, 254 F.2d 93, 96–97 (3rd Cir.1958).

Moreover, a holding that local government tort immunity has no application in a suit by the State or a State agency is consistent with the public policy principles underlying governmental immunity from tort suit. As noted in *Austin v. City of Baltimore, supra*, 286 Md. at 58, 405 A.2d at 259, governmental immunity protects the State from the coercive control of its own agencies (the courts), prevents any burdensome interference with the State's governmental functions, and preserves the State's control over its agencies and funds. Allowing Riverdale to assert immunity in this case would interfere with each of these principles and would be inconsistent with the State's sovereignty.

Therefore, we hold that a local government may not impose the defense of governmental immunity in a tort suit brought against it by the State or by a State agency. The circuit court erred when it held that Riverdale was immune from the Board's suit. Because we hold that Riverdale cannot assert immunity as a defense against the Board, we need not decide the other issues raised by the Board.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED, AND CASE REMANDED TO THAT COURT FOR FURTHER PROCEEDINGS

NOT INCONSISTENT WITH THIS OPINION. APPEL-
LEE TO PAY COSTS.