594 A.2d 1138

ANNE ARUNDEL COUNTY, Maryland

v.

Kim McCORMICK et al.

No. 6, Sept. Term, 1991.

Court of Appeals of Maryland.

Sept. 9, 1991.

Michele A. Dane, Asst. County Atty. (Stephen R. Beard, County Atty., both on brief), Annapolis, for appellant.

Michael L. Dailey (William J. Jackson, Semmes, Bowen & Semmes, all on brief), Baltimore, for appellees.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

KARWACKI, Judge.

On July 2, 1984, Carl Retz was injured while operating an automobile in the course of his employment with Anne Arundel County when the vehicle he operated collided with an automobile owned by James McCormick and driven by Kim McCormick. Retz sought workers' compensation from his employer, but the County resisted his claim. On March 30, 1988, the Workers' Compensation Commission (Commission) denied Retz compensation on the ground that his claim was barred by limitations. Retz appealed that ruling to the Circuit Court for Anne Arundel County. While that appeal was pending, on October 19, 1989, the County filed a stipulation with the Commission that Retz's claim was not barred by limitations and that Retz had sustained an accidental injury arising out of and in the course of his employment by the County on July 2, 1984. In light of that stipulation, the Commission rescinded its order denying

Retz's claim for workers' compensation, and on March 14, 1990, awarded Retz compensation. Thereafter, the County, which was self-insured, paid $6,020.80 in workers' compensation to and on behalf of Retz.

On May 10, 1990, the County filed suit in the District Court of Maryland, sitting in Anne Arundel County, against Kim McCormick and James McCormick, alleging that the negligence of Kim McCormick, while acting as the agent, servant or employee of James McCormick, was the proximate cause of the injuries suffered by Retz on July 2, 1984. The County sought recovery of the $6,020.80 which it had paid Retz in workers' compensation. The McCormicks demanded a jury trial, and the case was transferred to the Circuit Court for Anne Arundel County. The McCormicks then moved for summary judgment on the ground that the County's suit was barred by the three-year statute of limitations codified in Maryland Code (1974, 1989 Repl.Vol.), § 5–101 of the Courts and Judicial Proceedings Article.[1] The circuit court granted that motion and entered judgment in favor of the McCormicks. The County appealed to the Court of Special Appeals. Before that court considered the case, we issued a writ of certiorari on our own motion.

The County presents these questions in its appeal:

"I. Did the court err in finding that Anne Arundel County's suit was time barred when suit was filed within two months of the first award of compensation by the Workers' Compensation Commission as required by Article 101, § 58?

"II. Is Anne Arundel County exempt from the statute of limitations when it seeks to recover the workers' compensation benefits it has paid to an employee from a third party tortfeasor?"

---

1. Section 5–101 states:
    "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

## I.

The County's argument that its suit to recover compensation paid to and on behalf of Retz is not time-barred is based upon its construction of Md.Code (1957, 1985 Repl. Vol.), Art. 101, § 58. That provision of our workers' compensation law deals with suits against third parties to the employer-employee relationship. It gives the employer[2] the right to recover from a third party who causes an injury to its employee any workers' compensation which the employer has been required to pay to its employee because of that injury. For two months after compensation is awarded or paid, the employer has the exclusive right to sue the third party. Thereafter, the employer and employee have concurrent rights to do so. The second paragraph of Article 101, § 58 provides:

"When any employee has a right of action under this section against a third party, the period of limitations for such action, as to such employee, shall not begin to run until two months after the first award of compensation made to such employee under this article, and this section shall apply to past and future rights of action under this section."

The County asserts that since its right to recover the compensation it paid its employee did not arise until that compensation was awarded by the Commission, limitations did not begin to run until that award. Alternatively, the County suggests that its suit to recover the compensation it paid to its employee was excepted from the time bar of § 5–101 of the Courts and Judicial Proceedings Article because the suit was filed within the two month period during which Article 101, § 58 provided it with the exclusive right to enforce the third-party liability. We disagree with those propositions.

---

**2.** Article 101, § 58 also permits an "insurance company, association, the State Accident Fund, the Subsequent Injury Fund or the Uninsured Employers' Fund" to enforce this third-party liability.

■ The basic flaw in the County's analysis of Article 101, § 58 is its construction of that statute as one that creates the cause of action which the employer asserts against the third party who injured its employee. To the contrary, it is well settled that this statute does not create a cause of action in the employer but rather subrogates it to the claim of its injured employee against the responsible third party. *Smith v. Bethlehem Steel Corp.*, 303 Md. 213, 222, 492 A.2d 1286, 1290 (1985); *Johnson v. Miles*, 188 Md. 455, 460, 53 A.2d 30, 32 (1947); *Baltimore Transit Co. v. State*, 183 Md. 674, 678, 39 A.2d 858, 860 (1944); *Railway Co. v. Assurance Corp.*, 163 Md. 97, 102, 161 A. 5, 7 (1932).

■ As a subrogee, the County had no greater rights than its subrogor, and it was bound by the same statute of limitations which governed its employee's action. In *Smith v. Bethlehem Steel Corp., supra*, we addressed the issue of limitations in light of Article 101, § 58 in a third-party action instituted by an employee. We rejected the employee's contention that his third-party action was not barred by § 5–101 of the Courts and Judicial Proceedings Article because he had not yet received an award of the workers' compensation for which he had made a claim. Judge Rodowsky, speaking for the Court, observed the community of interest which the employer and employee have in any third-party action under Article 101, § 58:

"We have shown above that the employer's standing as a plaintiff in an action against a third party is as a subrogee. There is authority for the proposition that the statute of limitations begins to run against a subrogee when the subrogor's cause of action accrues. *See Northwestern Nat'l Ins. Co. v. Samuel R. Rosoff, Ltd.*, 195 Md. 421, 434–35, 73 A.2d 461, 466–67 (1950) (citing *Poe v. Philadelphia Casualty Co.*, 118 Md. 347, 353, 84 A. 476, 478 (1912); *American Bonding Co. v. Nat'l Mechanics' Bank*, 97 Md. 598, 607, 55 A. 395, 398 (1903); and *New Amrsterdam Casualty Co. v. Baker*, 74 F.Supp. 809, 811–12 (D.Md.1947)). Thus, limitations measured from accrual under Courts Article § 5–101 could run against

the employer's subrogation interest while, under the Smiths' theory, a separate three-year period beginning with award would govern limitations 'as to such employee.' We do not believe the General Assembly intended so great a fragmentation of third-party actions, particularly when § 58 ¶ 1 requires the employee, in a third-party suit initiated by him, to reimburse the employer for compensation paid."

303 Md. at 228, 492 A.2d at 1293. *See Foster v. Peddiccord,* 826 F.2d 1370, 1373 (4th Cir.1987); *Joseph Schlitz Brewing Co. v. Chicago Rys.,* 307 Ill. 322, 325, 138 N.E. 658, 659 (1923); *Employers' Liab. Assurance Co. v. Indianapolis & C. Traction Co.,* 195 Ind. 91, 97–99, 144 N.E. 615, 617 (1924); *Waters v. Transit Auth. of River City,* 799 S.W.2d 56, 57–58 (Ky.Ct.App.1990); *Marquette Casualty Co. v. Brown,* 235 La. 245, 254, 103 So.2d 269, 273 (1958); *American Gen. Fire & Casualty Co. v. J.T. Construction Co.,* 106 N.M. 195, 197, 740 P.2d 1179, 1181 (Ct.App.1987). *See also United Materials, Inc. v. Landreth,* 196 Neb. 525, 528–29, 244 N.W.2d 164, 166 (1976); *Reliance Ins. Co. v. Richmond Mach. Co.,* 309 Pa.Super. 430, 437–38, 455 A.2d 686, 690 (1983).

It is undisputed that Retz's cause of action against the McCormicks accrued on July 2, 1984. Consequently, the suit by the County, as Retz's subrogee, when filed on May 10, 1990, was time-barred by the three-year statute of limitations codified in § 5–101 of the Courts and Judicial Proceedings Article.

## II.

The ancient common law maxim of *nullum tempus occurrit regi*[3] has been adopted in this State and

---

**3.** "Time does not run against the king." Black's Law Dictionary 1068 (6th ed. 1990). The Supreme Court of the United States commented on the maxim in *United States v. Thompson,* 98 U.S. 486, 489–90, 25 L.Ed. 194, 195 (1879):

exempts the State and its agencies from the bar of a statute of limitations such as § 5–101 of the Courts and Judicial Proceedings Article, which does not expressly bar the State or its agencies. *Wash. Sub. San. Comm'n v. Pride Homes,* 291 Md. 537, 539–40, 435 A.2d 796, 798 (1981); *Central Coll. Unit v. Atl. Con. Line,* 277 Md. 626, 629, 356 A.2d 555, 557 (1976). The maxim, however, has more limited effect when the suitor is one of the State's political subdivisions or municipalities. *Id.* The counties and municipalities can only avoid the bar of such a statute of limitations if the action asserted arises from the exercise of a governmental as distinguished from a proprietary or corporate function. *Goldberg v. Howard Co. Welfare Bd.,* 260 Md. 351, 358, 272 A.2d 397, 400–01 (1971). The same distinction governs the immunity from tort accorded political subdivisions and municipalities. *Board v. Town of Riverdale,* 320 Md. 384, 389–90, 578 A.2d 207, 210 (1990) ("With regard to ordinary tort actions, counties and municipalities can rely on the defense of governmental immunity only when they exercise a function categorized as 'governmental' rather than 'proprietary' or 'corporate.'") In *Tadjer v. Montgomery County,* 300 Md. 539, 546, 479 A.2d 1321, 1324 (1984), we observed that the distinction between governmental and proprietary functions is sometimes illusory in practice. Nevertheless, we quoted the following test for making that determination from *Baltimore v. State,* 173 Md. 267, 276, 195 A. 571, 576 (1937):

"The rule of *nullum tempus occurit regi* has existed as an element of the English law from a very early period.... The common law fixed no time as to the bringing of actions. Limitations derive their authority from statutes. The king was held never to be included, unless expressly named. No laches was imputable to him. These exemptions were founded upon considerations of public policy. It was deemed important that, while the sovereign was engrossed by the cares and duties of his office, the public should not suffer by the negligence of his servants....

"When the colonies achieved their independence, each one took these prerogatives, which had belonged to the crown; and when the national Constitution was adopted, they were imparted to the new government as incidents of the sovereignty thus created."

"Where the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in its nature."

We also suggested that another way of expressing the test is "whether the act performed is for the common good of all or for the special benefit or profit of the corporate entity." *Tadjer*, 300 Md. at 547, 479 A.2d at 1325. In the instant case, the County's action arose from its payment of workers' compensation to one of its employees because of its decision to self-insure against that liability. Anne Arundel County Code, Article 2, Title 5, § 5–101. We presume that decision was based on a sound business judgment, considering the number of persons it employed and the nature of those employments, that self-insurance would be less expensive than providing workers' compensation coverage for its employees by purchasing insurance for that purpose. Such a decision was clearly for the "benefit or profit" of the County and under the tests we have set forth should be classed as proprietary or corporate rather than governmental. Consequently, we hold that § 5–101 of the Courts and Judicial Proceedings Article is applicable to bar the action by the County to recover the workers' compensation which it paid to and for Retz.

JUDGMENT AFFIRMED, WITH COSTS.