788 A.2d 234

Jason GIBSON, et al.,

v.

HOUSING AUTHORITY OF BALTIMORE CITY.

Housing Authority of Baltimore City,

v.

Levern Smalls, A Minor, etc., Keontae Jones,
A Minor, etc., Tiffany Berris, et al.

Housing Authority of Baltimore City,

v.

Teven Lyles, A Minor, etc.

Nos. 2858, 2864, 2865, 2869, Sept. Term,
2000 and 50 Sept. Term, 2001.

Court of Special Appeals of Maryland.

Jan. 3, 2002.

122

Suzanne C. Shapiro (Saul E. Kerpelman & Associates, P.A., on the brief), Baltimore, for appellant, Gibson.

Debra G. Sterling, Baltimore, for appellant, Housing Auth. of Baltimore.

Debra G. Sterling, Baltimore, for appellee, Housing Auth. of Baltimore.

Evan K. Thalenberg (John L. Kazmierczak and Evan K. Thalenberg, P.A.), on the brief, for other appellees.

Lewis Yelin *, Francis D. Murnaghan, Jr., Appellate Advocacy Fellow, Deborah Thompson Eisenberg, Public Justice Center, Baltimore, amicus curiae.

_____

\* Authorized to practice law in Maryland through October 25, 2003 under Rule 15 of the Rules Governing Admission to the Bar of Maryland.

Argued before JAMES R. EYLER, KRAUSER and RAYMOND G. THIEME, Jr. (Ret'd, Specially Assigned), JJ.

RAYMOND G. THIEME, Jr., Judge, Retired, Specially Assigned.

The above captioned cases involve lead poisoning actions brought on behalf of minor children that have been consolidated on appeal. In *Housing Authority of Baltimore City v. Berris, Housing Authority of Baltimore City v. Smalls, Housing Authority of Baltimore City v. Jones,* and *Housing Authority of Baltimore City v. Lyles,* appellant, the Housing Authority of Baltimore City (HABC), appeals the various denials of motions for summary judgment in the Circuit Court for Baltimore City to present the following question for review:

Did the circuit court err in denying the HABC's Motion(s) for Summary Judgment when it determined that HABC was not immune from suit in these lead-based paint cases even though HABC has no statutorily approved means to pay a possible judgment when its comprehensive general liability insurance did not cover the instant claim and HABC was a local government agency performing a governmental function?

*Gibson v. Housing Authority of Baltimore City* presents the inverse case, as the HABC motion for summary judgment was granted by the Circuit Court for Baltimore City. Thus, the minors appeal to present the following parallel question:

Was the circuit court incorrect as a matter of law in granting a motion for summary judgment, holding that the HABC has governmental immunity from personal injury liability arising out of the operation of rental properties in Baltimore City and HABC has not waived its immunity because Article 44A does not mandate the purchase of insurance covering all risks and hazards?

In reviewing these cases as a whole, we are faced with the more general question:

Does the HABC as a matter of law have governmental immunity under Article 44A from liability arising out of claims for the negligent operation of properties?

### *Facts*

The various cases all present situations in which children, either residing or visiting subsidized housing operated by HABC, experienced elevated blood lead levels. In each instance, evidence was presented to show that the child or children were exposed to lead paint on the property due to the HABC's negligence.

Though HABC carries liability insurance for the properties it maintains, the rider dealing with lead paint liability was terminated by the insurance carrier on April 18, 1996. HABC did not obtain additional liability coverage to address this deficiency but did negotiate to have a fifteen-month reporting tail in which claims brought due to lead paint exposure would be covered under the old rider. The cases at bar, however, were brought after that fifteen-month period expired. As HABC does not have insurance to cover the liabilities raised by these cases, it claims that it will be unable to satisfy any judgment issued against it and thus is immune from suit.

As a result of this rationale, in each of the various cases HABC made a motion for summary judgment claiming the defense of governmental immunity. These consolidated interlocutory appeals were brought as a result of the Circuit Court of Baltimore City's subsequent rulings on those motions.

### *Discussion*

### Standard of Review

■■■■■ Maryland Rule 2–501(e) provides, in relevant part: The court shall enter judgment in favor of or against the moving party if the motion and response show that there is no genuine dispute as to any material fact and that the party in whose favor judgment is entered is entitled to judgment as a matter of law.

When ruling on a motion for summary judgment, we must view the facts, including all inferences, in the light most favorable to the opposing party. *Williams v. Mayor & City Council of Baltimore,* 359 Md. 101, 114, 753 A.2d 41 (2000). The standard of our review is whether the trial court was legally correct, thus we must consider the inferences and facts in light of the minor children. *Pence v. Norwest Bank Minn., N.A.,* 363 Md. 267, 279, 768 A.2d 639 (2001). The standard will consequently not differ as a result of the posture of the different appeals.

### Governmental Immunity

Generally, the State and its agencies are immune from tort liability based upon causes of action arising out of state law. *Harford County v. Town of Bel Air,* 348 Md. 363, 372, 704 A.2d 421 (1998) (quoting *Board v. Town of Riverdale,* 320 Md. 384, 389–90, 578 A.2d 207 (1990)); *Md.–Nat'l Capital Park and Planning Comm. v. Kranz,* 308 Md. 618, 622, 521 A.2d 729 (1987); *Austin v. City of Baltimore,* 286 Md. 51, 53, 405 A.2d 255 (1979). Localities and their agencies share in this immunity when tortious conduct arises out of governmental, rather than proprietary or corporate, functions. *Housing Authority of Baltimore City v. Bennett,* 359 Md. 356, 359, 754 A.2d 367 (2000); *DiPino v. Davis,* 354 Md. 18, 47, 729 A.2d 354 (1999); *Harford County,* 348 Md. at 372, 704 A.2d 421 (quoting *Town of Riverdale,* 320 Md. at 389–90, 578 A.2d 207); *Kranz,* 308 Md. at 622, 521 A.2d 729; *Baltimore v. State,* 173 Md. 267, 271–72, 195 A. 571 (1937).

The Court of Appeals in *Housing Authority of Baltimore City v. Bennett,* 359 Md. 356, 366 n. 6, 754 A.2d 367 (2000), noted that the General Assembly defined housing authorities, as created under Md.Code (1957, 1998 Repl.Vol.), Art. 44A, as local governments for the purposes of the Local Government Tort Claims Act (LGTCA). Thus, it is necessary that we determine whether HABC was conducting a governmental or proprietary function in order to determine whether immunity may be asserted.

In *Anne Arundel County v. McCormick*, 323 Md. 688, 594 A.2d 1138 (1991), the Court of Appeals reaffirmed the test for determining whether a municipal activity is a governmental function. The test as originally established in *Baltimore v. State*, 173 Md. at 276, 195 A. 571, states:

> Where the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in its nature.

*See also McCormick* at 695, 594 A.2d 1138; *Tadjer v. Montgomery County*, 300 Md. 539, 546, 479 A.2d 1321 (1984); *Austin*, 286 Md. at 59, 405 A.2d 255.

Though the test has been consistently upheld, it has been noted that the distinction between governmental and proprietary function is so untidy that the temptation to straighten it up is very strong, but the results are always illusory and as logical as those governing French irregular verbs. "However, the fact that the doctrine is beyond the scope of clear interpretation has not prevented its application. As Professor Davis has noted, "[the] distinction is probably one of the most unsatisfactory known to the law, for it has caused confusion not only among the various jurisdictions but almost always within each jurisdiction." 3 K. Davis, *Administrative Law Treatise*, § 25.07, at 460 (1958); *Austin*, 286 Md. at 83, 405 A.2d 255 (citation omitted); *see also McCormick*, 323 Md. at 695, 594 A.2d 1138; *Tadjer*, 300 Md. at 546, 479 A.2d 1321. Despite these deficiencies, the test is definitive for the case at bar.

■ The HABC was maintaining and operating subsidized housing. The authority to act in such a manner is conveyed to housing authorities by the legislature under Article 44A § 1–301:

> An authority shall constitute a public body corporate and politic, exercising public and essential governmental functions, and having all the powers necessary or convenient to

carry out and effectuate the purposes and provisions of this article, . . . .

The operation of subsidized housing was necessitated by a shortage of sanitary and safe dwellings available at rents which persons of low and moderate income can afford and the presence of families living in inadequately sized housing. Art. 44A § 1–102(2), (3). These conditions cause an increase in and spread of disease and crime and constitute a menace to health, safety, morals, and welfare of the residents. Art. 44A § 1–102(4). These conditions necessitate excessive and disproportionate expenditures of public funds. The legislature therefore saw the necessity to create decent, subsidized housing to resolve these problems. Art. 44A § 1–102(5), (8), (10). Article 44A further prohibits the housing authorities from operating at a profit. Art. 44A § 1–401(a). It is clear that HABC, in operating subsidized housing, was conducting a governmental function.

## Waiver

■ Accepting that HABC was conducting a governmental function, immunity still may be waived by the legislature. Indeed, the legislature in Article 44A § 1–301(1) granted to the housing authorities the power "[t]o sue and be sued . . . ." Despite such language, the Court of Appeals in *Katz v. Washington Suburban Sanitary Commission*, 284 Md. 503, 397 A.2d 1027 (1979), created a two-pronged test for determining the validity of a legislative waiver of governmental immunity. The Court stated that such a waiver "is ineffective unless specific legislative authority to sue the agency has been given, *and* unless there are funds available for the satisfaction of the judgment, or power reposed in the agency for the raising of funds necessary to satisfy a recovery against it." *Id.* at 513, 397 A.2d 1027. The Court further stated that "[t]he mere legislative authorization for a State Agency to 'sue or be sued' does not alone constitute a general waiver of immunity. Rather, it is limited to such matters . . . necessary to carry out the purpose for which the agency was created." *Id.*

Indeed, the Court of Appeals has adequately addressed the first prong for the purposes of this case. The Court in *Jackson v. Housing Opportunities Commission of Montgomery County*, 289 Md. 118, 422 A.2d 376 (1980), a case involving a suit for the negligent upkeep of a housing property, concluded that Article 44A created an effective waiver of governmental immunity in stating that a housing authority has the unqualified power to "sue and be sued." *Id.* at 124, 422 A.2d 376.

*Housing Authority of Baltimore City v. Bennett*, 359 Md. 356, 363, 754 A.2d 367 (2000) (reaffirming the decision in Jackson) involved the lead poisoning of a minor who lived in a residence owned and managed by the Housing Authority of Baltimore City. After the jury returned a verdict of $630,000 in favor of the minor, the Housing Authority moved to limit its liability to the $200,000 per individual claim established by § 5–303 of the Local Government Torts Claim Act, Md.Code Ann., Cts. & Jud. Proc. § 5–301 to –304. The circuit court denied the motion, and entered judgment against the Authority to the extent of what was left in the Housing Authority's insurance policy. The Court of Appeals affirmed and held that the Local Government Tort Claims Act's caps on damages were inapplicable to a tort judgment against the Housing Authority. *Bennett*, however, did hold that the liability of the Housing Authority was capped pursuant to § 11–108(b) of the Courts and Judicial Proceedings Article, which established a limit for non-economic damages of $350,000. *Bennett*, 359 Md. at 366, 754 A.2d 367 (citing Md.Code (1974, 1998 Repl.Vol.), § 11–108 of the Cts. and Jud. Proc. Art.). Thus, in *Bennett*, the Court affirmed the decision of this Court, limiting non-economic damages to the amount of the Authority's available insurance, within the $350,000 cap, with defense costs being deducted from any liability coverage exceeding the cap. *Bennett*, 359 Md. at 367, 379, 754 A.2d 367. As the case at bar presents a similar issue in which HABC is being sued for the negligent maintenance of properties, the decision in *Bennett* is controlling.

Setting aside whether the concept of the susceptibility to suit and the ability to collect on a judgment are distinct, the central issue on appeal deals with the second prong of the *Katz* test, requiring that a governmental entity be able to satisfy a judgment in order to waive immunity. HABC contends on appeal that the limited waiver espoused by the legislature is not valid in this instance, because HABC does not have insurance coverage for liability arising from lead poisoning and lacks the funds to satisfy a judgment. We disagree.

Article 44A provides:

(4) To make rent subsidy payments to or on behalf of persons of eligible income; to lease or rent any dwellings, houses, accommodations, lands, buildings, structures, or facilities embraced in any housing project and, subject to the limitations contained in this article, to establish and revise the rents or charges therefor; to own, hold, and improve real or personal property; to purchase, lease, obtain options upon, acquire by gift, grant, bequest, devise, or otherwise any real or personal property or interest therein; to sell, lease, exchange, transfer, assign, pledge, or dispose of any real or personal property or any interest therein; *to insure or provide for the insurance of any real or personal property or operations of the authority against any risks or hazards;* to procure insurance or guarantees from the State or federal government of the payment of any debts or parts thereof (whether or not incurred by said authority) secured by mortgages on any property included in any of its housing projects....

(Emphasis supplied.) The Court of Appeals in *Jackson,* 289 Md. at 128, 422 A.2d 376, found this section "both authorizes and mandates the purchase of insurance." Indeed, the language "insure or provide for the insurance of" only gives the authorities the power to choose between insuring or self-insuring against liabilities associated with the operation of subsidized housing. HABC failed to meet this mandate when it allowed the insurance carrier to eliminate the lead-paint

rider without obtaining another policy or creating a fund to self-insure.

HABC argues that its failure to carry statutorily required liability insurance for "all risks and hazards" will prevent the agency from being able to satisfy a judgment rendered in favor of the children and thus the HABC is immune from suit. If such a practice would be allowed, governmental agencies would be able to manufacture their own immunity simply by allowing their insurance to lapse. In instances where the legislature has mandated that the governmental agency carry insurance to allow for payment of successful suits brought against the agency, the autogenous of immunity would fly in the face the legislative intent without submitting to it and create inequitable results. We will not allow such inequities to occur.

■ Therefore, in instances where the legislature has created a waiver from immunity for a governmental entity and required that insurance be obtained for liabilities resulting from its governmental conduct, that entity cannot fabricate its own immunity under *Katz* by failing to insure against those liabilities.

In *Bd. Of Trustees of Howard Community Coll. v. Ruff*, 278 Md. 580, 591–92, 366 A.2d 360 (1976), a case of governmental immunity, the circuit court entered a judgment in an action under the Uniform Declaratory Judgments Act brought by John K. Ruff, Inc., against the Howard Community College. Ruff sought a declaration of the rights of the parties pertaining to the payment of sales tax under a written contract between it and Howard Community College whereby Ruff was the general contractor for the construction of a facility for Howard Community College. The circuit court's order, issued upon grant of motion for summary judgment, declared that Howard Community College "shall reimburse [Ruff] for all sales taxes due and to become due for all materials purchased in furtherance of the contract between the parties, including all materials purchased by subcontractors engaged in said project." In addressing the issue of whether there were funds

available to satisfy any judgment against the Board, the Court stated:

> We must next ascertain whether funds are in fact available for the satisfaction of such a judgment or whether there is power reposed in the Board to provide such funds by taxation. The latter is simply answered. Although the Board has the power "To receive local, State, and federal funds to defray the cost of the college program authorized by [the Community Colleges] subtitle and to accept both conditional and unconditional gifts, as the case may be, from private persons," Code (1957, 1975 Repl.Vol.) Art. 77A, §§ 1(g), it has no power reposed in it for the raising by taxation of funds necessary to satisfy any recovery against it for breach of the contract. The former we are not able to determine on the record before us. The matter of the availability of funds here is a question of fact, not law. That matter has not yet been before the trial court.

Finally, we conclude that the legislature may have authorized means through which a housing authority may satisfy judgments. Article 44A, § 1–301(5), allows a housing authority "[t]o invest any funds held in reserves or sinking funds, or any funds not required for immediate disbursement. . . ." This section suggests that the authorities may obtain extra money through rent and use those funds as a means to self-insure. Furthermore, Art. 44A § 1–301(10) grants the authorities the power

> [t]o borrow money or accept grants *or other financial assistance from the local, State, or federal government* and accept grants from nongovernmental sources for or in aid of any housing project within its area of operation. . . . It is the purpose and intent of this article to authorize every authority to do any and all things necessary or desirable to secure the financial aid or cooperation of the local, State, or federal government in the undertaking, construction, maintenance, or operation of any housing project by such authority.

(Emphasis supplied.)

The legislature gave the housing authorities the power to obtain funds from local, State, and federal entities to *aid* in

the operation and maintenance of any housing project. The authorities were further given the power "to do any and all things necessary or desirable" to obtain such funds. Accordingly, HABC may have the ability to obtain funds from governmental agencies necessary to self-insure the housing projects it operates. It is evident, therefore, that HABC has the ability to self-insure. That being established, as in *Bd. Of Trustees of Howard Community Coll.,* the question of whether the HABC may actually satisfy a judgment to the applicability of § 11–108 is a question of fact that needs to be addressed by the circuit court.

### *Conclusion*

For the reasons set forth above, we hold that HABC's various motions for summary judgment should have been denied as a matter of law.

**JUDGMENT AFFIRMED IN *HOUSING AUTHORITY OF BALTIMORE CITY v. SMALLS,* NO. 2864, 2000 TERM. COSTS TO BE PAID BY APPELLANT.**

**JUDGMENT AFFIRMED IN *HOUSING AUTHORITY OF BALTIMORE CITY v. JONES,* NO. 2865, 2000 TERM. COSTS TO BE PAID BY APPELLANT.**

**JUDGMENT AFFIRMED IN *HOUSING AUTHORITY OF BALTIMORE CITY v. BERRIS, ET AL.,* NO. 2869, 2000 TERM. COSTS TO BE PAID BY APPELLANT.**

**JUDGMENT AFFIRMED IN *HOUSING AUTHORITY OF BALTIMORE CITY v. LYLES,* NO. 50, 2001 TERM. COSTS TO BE PAID BY APPELLANT.**

**JUDGMENT REVERSED IN *GIBSON v. HOUSING AUTHORITY OF BALTIMORE CITY,* NO. 2858, 2000 TERM. COSTS TO BE PAID BY APPELLEE.**